ALONZO C. GREEN AND MARY GREEN

v.

MICHAEL J. DOYLE.

*Liability of Owner of a Dog for Injuries to a Colt—Trespass—Pleading
—Practice.*

1.  In an action to recover damages resulting from injuries to a colt, while
lawfully in the pasture of a third person, caused by the defendant's dog,
which he had unlawfully taken within the pasture, it is *held:* That the
defendant is liable for any injury done by the dog; that no averment that he
had previous notice of a vicious disposition in the dog was necessary, and
that the declaration, being in an action on the case, was substantially good.

2.  A judgment will not be reversed on account of errors which worked
no substantial injury to the appellants.

[Opinion filed August 26, 1886.]

APPEAL from the Circuit Court of Adams County; the
Hon. WILLIAM MARSH, Judge, presiding.

Messrs. BONNEY & WOOD, for appellants.

The owner of domestic animals not naturally inclined to
mischief is not liable for any injury committed by them to the
property of another, unless it can be shown that he previously
had notice of the animal's mischievous propensity.  Cooley on
Torts, 342; Judge v. Cox, 1 Stark. 285; Beck v. Dyson, 4
Camp. 198; Jones v. Perry, 2 Esq. 482; Stumps v. Kelley,
22 Ill. 140; Pickering v. Orange, 1 Scam. 338; Brent v.
Kimball, 60 Ill. 211; Keightlinger v. Egan, 65 Ill. 235;
Wormley v. Gregg, 65 Ill. 251; Mareau v. Vanatta, 88 Ill.
132.

If the animal is unlawfully in the close of plaintiff and does
mischief, he may bring trespass for breaking the close and
allege the mischief in aggravation of damages without alleg-
ing or proving *scienter*, but in an action on the case, the rule
is otherwise.  Van Leuven v. Lyke, 1 N. Y. 515.

The gist of the action of trespass to realty is the injury to

the possession, and to maintain it the plaintiff must have an interest, however temporary, in the soil itself or its profits. and if the premises be occupied, plaintiff must also have, as against one other than a tenant in common, actual and exclusive possession of the premises. Smith v. Wunderlich, 70 Ill. 426 ; St. L., V. & T. H. R. R. Co. v. Town of Summit, 3 Ill. App. 155 ; Dean v. Comstock, 32 Ill. 173.

Mr. George W. Fogg, for appellee.

Where the injury is committed by an animal through the negligence of the owner, *scienter* as to his mischievous propensity need not be alleged or proven. 1 Chitty on P. (16 Am. Ed.), bottom page 123 and note (u 3).

If the owner act illegally, as by trespassing with his dog, he will be liable, although the dog did the injury complained of against his will. 1 Chitty on P., bottom page, 123, note (x); Beckwith v. Shoredyke, Burr, 2092 ; 9 Ballou's Abr., 486 ; Deane v. Clayton, 7 Taunt. 516.

If the master accompany the dog, himself a trespasser, the damage done by the dog is deemed consequential upon the wrongful action of the master, and renders the master liable to the same extent that it would had he done the damage with his own hand. 1 Addison on Torts, Sec. 381.

And it is no defense to say the title of the *locus in quo*, in which the alleged tortious acts took place, is in one other than the plaintiff, unless the defendant shall justify by showing authority from such other person to enter the premises, Finch v. Alston, 23 Am. Dec. 299.

When a dog, not known to be vicious, enters alone upon land and does mischief, his owner is not liable ; but if the dog accompany his owner, while the latter is trespassing, and does mischief, though against the will of the owner, the trespasser will be liable for the damage done by his dog. Wolf v. Chalker, 31 Conn. 128 ; 49 Am. Dec. 256.

And many of the cases go further. Where a dog entered the land of another and killed a cow, though the owner had no previous knowledge of the malicious character of the dog, he was held to be liable for the damages. Chunot v. Larson, 43 Wis. 536 ; 28 Am. Rep. 667.

Green v. Doyle.

Where defendant's animals are unlawfully and as trespassers in the close of another, their owner is liable for all damages or injuries they commit, whether he had previous notice of their tendency to commit the harm or injury complained of or not. Nor need it be alleged or proved that the owner or keeper of such animals had any previous notice of their vicious disposition, or that they had previously shown such disposition. Angus v. Radin, 8 Am. Dec. 626 ; Dolph v. Ferris, 42 Am. Dec. 246 ; Saxton v. Bacon, 31 Vt. 540 ; Lyons v. Merrick, 105 Mass. 71 ; Duncle v. Cacker, 11 Barb. 387 ; Lee v. Riley, 18 Com. B. (N. S.) 722 ; Ellis v. Loftus Iron Co., L. R., 10 C. P. 10 ; Tonawanda R. R. Co. v. Munger, 49 Am. Dec. 257, notes, and cases there cited.

If a dog accompanies his trespassing owner, and does damage, such trespassing owner or keeper must answer for it, without regard to previous propensity, because the injury complained of is but the proximate consequence of his own trespass. Beckwith v. Shoredyke, 4 Burr, 2092 ; 49 Am. Dec. 257.

He who has the care, custody or control of trespassing animals is liable for all the damage they may occasion.    Smith v. Jacques, 6 Conn. 530 ; Russell v. Cotton, 31 Pa. St. 525; Noyes v. Colby, 30 N. H. 143.

CONGER, J.   In the summer of 1885, appellee Doyle pastured his mare and colt in the inclosed and private pasture of one Piggott, where stock of other people were also kept and pastured.

Appellants, Green and wife, accompanied by a small dog, unlawfully climbed over the fence and entered the pasture.

From some cause the horses became frightened and started to run, when the dog of appellants chased and worried the colt of appellee so much that in running over some rough and broken ground it fell, and received such injuries therefrom that it afterward died.

A declaration in case was filed setting forth at large the foregoing facts, to which a demurrer was filed, and upon the court overruling the demurrer appellants chose to abide by it, whereupon a jury was called and appellee's damages assessed at $160.50, for which judgment was rendered.

Green v. Doyle.

The principal objection taken to the declaration is that there is no averment that appellants had previous notice of a vicious disposition in their dog.

The answer of appellee is that appellants and their dog were at the time trespassers, and unlawfully in the pasture where appellee's colt was, and the injury was the direct and natural consequence of such trespass; to which appellants urge in reply that such trespass is a wrong done only to the one in possession of the close, and of which appellee can not avail himself as the foundation of action.

So far as the trespass of appellants upon the land of Piggott was an invasion of the rights of those in possession, and an injury to the close, it would clearly be no concern of appellee; but if such unlawful entry was the direct and proximate cause of injury to appellee, we see no good reason why it may not afford a ground of action to him.

The vital question is, whether the dog was by the voluntary act of appellants wrongfully and illegally in the place where the injury was inflicted; if so, they would be liable for any injury done by the dog, although appellants had no previous knowledge that he was vicious. Goodman v. Gay, 15 Pa. St. 188; Dicker v. Goodman, 44 Me. 322; 1 Addison on Torts Sec. 381; 1 Chitty's Pl., side paging, 82.

We think the demurrer was properly overruled. The declaration was substantially good, not in trespass to personal property, or to real estate, but in an action on the case, which was the proper form of action; hence the authorities cited by appellants upon the question of trespass to real estate have no application. Some of the questions asked the witnesses upon the assessment of damages are not entirely free from error, but we do not think they worked any injury to appellants, and we do not therefore notice them in detail.

Upon the question of the value of the colt, we think the evidence was sufficient to justify the finding of the jury, and the judgment of the Circuit Court will therefore be affirmed.

*Affirmed.*