## O'HARRA v. MILLER.

1. **Vicious Dog:** ACTION FOR INJURY BY: EVIDENCE OF OWNERSHIP OF DOG: INSTRUCTION. In an action to recover for an injury from a bite of a dog, the following instruction in relation to the ownership of the dog is approved: "If the defendant had his dog in his possession, and was harboring him on his premises as owners usually do with their dogs, then he is the owner within the meaning of the law. If the dog was only casually upon his premises, and was not being harbored by defendant as owners usually harbor their dogs, then he was not the owner. In determining how this was at the time of the alleged attack, you will consider the defendant's former treatment of the dog, his declarations concerning him, and the habit of the dog as to staying at defendant's place."

2. **Evidence:** WITNESS CONTRADICTED: INSTRUCTION. Where the testimony of a witness is contradicted in important particulars, there is good

ground for instructing the jury that, if they believe that any witness has testified falsely in regard to any material matter, they may disregard his whole testimony.

3. **Vicious Dog:** OWNERSHIP OF: EVIDENCE ESTABLISHING. Under the evidence in this case, defendant was liable, if he was the owner of the dog which bit the plaintiff; and, upon consideration of the evidence as to ownership, *held* that it fully supported a verdict against defendant.

*Appeal from Polk Circuit Court.*

THURSDAY, OCTOBER 9.

ACTION to recover for personal injuries sustained by plaintiff, by reason of having been bitten by a dog owned by defendant. There was a judgment on a verdict for plaintiff. Defendant appeals.

*Phillips & Conrad*, for appellant.

*D. Donovan*, for appellee.

BECK, J.—I. Code, section 1485, imposes liability upon the owners of dogs for all injuries done by them. The court, in 

1. VICIOUS dog: action for injury by: evidence of ownership of dog: instruction.
the third instruction, as applicable to the evidence touching defendant's ownership of the dog by which plaintiff was bitten, directed the jury that, "if the defendant had the dog in his possession, and was harboring him on his premises as owners usually do with their dogs, then he is the owner within the meaning of the law. If the dog was only casually upon his premises, and was not being harbored by defendant as owners usually harbor their dogs, then he was not the owner. In determining how this was at the time of the alleged attack, you will consider the defendant's former treatment of the dog, his declarations concerning him, and the habit of the dog as to staying at the defendant's place."

This instruction is made the ground of complaint by defendant. We regard it as correct. The possession of the dog, as of other property, and its treatment as owners of dogs

usually treat them, together with declarations of ownership, would surely establish the fact that the dog belonged to the defendant. We can hardly imagine more satisfactory evidence of ownership. The ordinary conduct of the dog in staying at defendant's place would tend to show that plaintiff regarded the animal as his own property. This is what is meant by the expression of the instruction, "the habits of the dog as to staying at defendant's place."

II. The fifth instruction is also the subject of complaint by defendant. After directing the jury that they should regard the intelligence, memory, interest, rela-

2. EVIDENCE: witness contradicted: instruction.

tions and feelings towards the parties, and other proper matters, in order to determine the credibility of the witnesses, they could, if they believed any witness had willfully testified falsely in regard to any material matter, disregard his whole testimony. The last part of the instruction is objected to on the ground that the testimony of no witness could be brought within its meaning. It is not claimed that the instruction is not correct, but that there is no evidence to which it is applicable. We think differently. The defendant himself was contradicted in important particulars in his testimony. If the jury disbelieved his statements, they were authorized by the circumstances of the case to believe that they were willfully false. This remark is applicable to defendant's testimony, to the effect that he did not own the dog.

III. It is insisted that the verdict is not supported by the evidence. We cannot concur in this opinion. The controlling question of fact related to defendant's owner-

3. VICIOUS dog: ownership of: evidence establishing.

ship of the dog. If this was established, defendant's liability cannot be doubted. While defendant's denial of the ownership was in a measure corroborated, the strong preponderance of proof was the other way. It was shown that the dog stayed at defendant's house; that when a policeman called upon him for the purpose of taxing the dog, he did not deny ownership of the animal, but declared it was not

worth the tax, and he would not, therefore, pay it; that when another policeman notified the defendant that the dog was vicious, and that he would kill it unless defendant "kept the dog up," defendant did not deny ownership of the dog, but promised that he would "keep the animal up." Other evidence, including admissions of defendant, tended to establish his ownership. It cannot be claimed that upon this controling point of the case the verdict is not well supported by the proof. The verdict was for $225. In view of the character of the injury sustained by plaintiff, we do not think it excessive. The foregoing discussion disposes of all questions in this case. The judgment of the circuit court is

AFFIRMED.