ANNA BUNDSCHUH, Respondent, *v.* ALBERT MAYER, Appellant.

*Dogs — ownership thereof — liability of the owner.*

Where a man, as the head of a household, occupies certain premises and supports his family, and with them several dogs, which are kept on the place, the dogs, so far as the public are concerned, are presumed to belong to him.

On the trial of an action brought to recover damages for personal injuries it was shown that the defendant kept certain dogs which were of a vicious character, as he well knew, that they were suffered to go at large without being properly guarded, and that the plaintiff had been injured by them; that the defendant was a householder, occupying with his family premises owned by his wife; that he supported his family, supplied his table and was the head of his own household; that the dogs were fed from the table and had the freedom of the premises. The defendant testified that he did not own the dogs and did not own the premises where he lived.

*Held*, that the question of the title was of little importance, and that the defendant, as he kept and harbored the dogs, was liable under a proper state of facts for the injuries which they inflicted.

APPEAL by the defendant, Albert Mayer, from a judgment of the County Court of Monroe county in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 29th day of September, 1893, upon the verdict of a jury, and also from an order entered in said clerk's office on the 27th day of January, 1894,

FIFTH DEPARTMENT, OCTOBER TERM, 1894.     [Vol. 81.

denying the defendant's motion for a new trial made upon the minutes.

*F. J. Hone*, for the appellant.

*C. F. Miller*, for the respondent.

DWIGHT, P. J.:

The action was to recover damages for injuries to the plaintiff resulting from an attack by dogs. The complaint alleged that the dogs were kept by the defendant; that they were of vicious character, as he well knew, and that they were suffered to go at large without being properly guarded, etc.

These allegations were supported by the evidence. It was shown that the defendant was a householder of the city of Rochester, occupying with his family and for the purpose of his business, premises which belonged to his wife. He was a milkman, and he kept the cows, horses and wagons used in his business in a barn on the same premises. He supported his own family, supplied his own table, and was in fact, as well as in contemplation of law, the head of his own household. He kept three dogs on the place, which were fed, as dogs usually are, from their master's table, and they had the freedom of the premises, except that one of them, which seems to have been recognized as the vicious one of the three, was occasionally kept chained in the barn.

All three of the dogs joined in the attack on the plaintiff, tearing her clothes, snapping at her hands and frightening her badly. She was in a delicate condition at the time, and the evidence tends to show that she suffered from the nervous shock.

The defendant's answer is a negative pregnant, which can hardly be said to put in issue any one allegation of the complaint. On the trial he was a witness in his own behalf and contented himself with testifying that he did not *own* either of the dogs, and that he did not own the premises where he lived.

The question of the title to the dogs is of little importance. That they were kept and harbored by the defendant is unquestioned, except as it is contended in his behalf that the fact of his wife's title to the real property on which they lived makes her, of necessity, the keeper and harborer of the dogs. Of course this conten-

tion cannot be maintained. A man may keep dogs, if he is permitted to, on premises which belong to his wife as well as on premises which belong to anybody else. We do not deem it necessary, under the facts of this case, to discuss very fully the effect of the Married Woman's Acts on the question of who keeps the family dog. That has been done in the case of *Quilty* v. *Battie* (opinion by MAYNARD, J., 135 N. Y. 201), and we are quite assured that the conclusion which we reach in this case does no violence to the principles declared in that case. There a judgment which had been recovered jointly against husband and wife was reversed as to the husband for the sufficient reason, as stated in the opinion, that " he has been made liable, not on the ground that he was the owner of the dog or that he co-operated with his wife in the commission of a wrong, but solely on the ground of his marital liability for the torts of his wife."

There are several exceptions to particulars of the charge and refusals to charge as requested in this case, none of which seem to us to have been to the prejudice of the defendant. The cardinal facts which determine his liability are that he was the head of the household ; that, as such, he occupied the premises ; that he supported his family and with them the dogs which were kept on the place. They were as to the public his dogs, and they were unquestionably kept and harbored by him.

The judgment and order appealed from should be affirmed.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

Judgment and order appealed from affirmed.