J. H. TRUMBLE v. HENRY C. HAPPY and THE MAGNUS BREWING Co. Appellants.

**Vicious Dogs:** SPECIAL INTERROGATORIES: *As to harboring.* It is error in an action for damages by being bitten by a dog on defendant's premises, alleged to have been harbored by the latter, to refuse to submit a special interrogatory whether the dog was harbored by the defendant.

SAME: *Ownership of vicious dog.* Where the evidence in an action for damages for being bitten by a dog on defendant's premises, shows that defendant did not own the dog, it is error to refuse to submit a special interrogatory as to defendant's ownership, unless the court instructs that no recovery can be had unless the defendant was harboring the animal.

INSTRUCTIONS AS TO HARBORING. An instruction in an action for damages by being bitten by a dog on defendant's premises, that if defendant harbored the dog he would be liable therefor, but that the act of defendant's employes in taking the dog on the premises, or the fact that the dog was in the habit of going on the premises, would not be harboring him, is insufficient in failing to state what acts would constitute a harboring.

COMMON LAW LIABILITY: *Harboring.* There is no common-law liability of a property owner for damages caused by a person being bitten by a dog of another while on the premises of the former, unless he permits the dog to be on his premises with the knowledge that it is vicious.

*Request for instruction.* A requested instruction, in an action for damages caused by being bitten by a dog on defendant's premises, that if defendant was not the owner of the dog, and did not know its vicious character, he would not be liable, being erroneous in failing to specify defendant's liability if he harbored the dog, is not sufficient to require the giving of an instruction that defendant would only be liable for permitting the

dog to remain on the premises if he knew that it was vicious, and there is evidence in support thereof.

**Impeachment:** FOUNDATION: *Contradictory statements.* Where a physician, who has treated plaintiff for certain injuries, testified as to his charges, in an action to recover for such injuries and his attention is not called to prior contradictory statements made by him, it is error to admit evidence thereof.

**HEARSAY.** Evidence, in an action for damages by being bitten by a dog, that the witness has heard that the dog bit another person at another time and place is hearsay, and not admissible.

**Instructions and Evidence:** HARMLESS ERROR. An instruction, in an action for personal injuries, that plaintiff may recover expenses incurred while suffering from his injuries, if any were incurred is not erroneous, though there is no evidence of there being any such expenses.

**Special Interrogatories:** TO CALL FOR ULTIMATE FACTS. Special interrogatories which do not call for ultimate facts in answer thereto should not be submitted.

**Review on Appeal:** STATING ISSUES TO JURY BY REFERRING IT TO PLEADINGS: *Estoppel by consent.* Where the parties consent thereto, it is not error to refer the jury to the pleadings for the issues in the case.

*Appeal from Linn District Court.*—HON. WILLIAM G. THOMPSON, Judge.

SATURDAY, OCTOBER 12, 1901.

ACTION to recover for a personal injury. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendants appeal.—*Reversed.*

*Rickel & Crocker* for appellants.

*Jamison & Smyth* for appellee.

SHERWIN, J.—The plaintiff was bitten by a dog which he claims was harbored by the defendants. The court referred the jury to the pleadings for the issues in the case. This was done with the consent of both parties, and for this reason there was no error in so doing, under the previous holding of this court in *De Wolf v. Dix,*

110 Iowa, 553. It is of doubtful propriety, however, to compel the jury to search out and determine the issue they are to decide, even when such a course has been consented to by the parties. As said in *Swanson v. Allen,* 108 Iowa, 419, it is often difficult for the trained lawyer or judge to determine just the issue presented, and when such is the case the burden should not be transferred to the jury.

There is no evidence tending to show expense incurred for the care of the plaintiff while suffering from his injury. The court told the jury, however, that he might recover for such expense, if any was incurred. The instruction on this point is substantially like the one given in *Lamb v. City of Cedar Rapids,* 108 Iowa, 629, which was held not error. That case certainly goes to the limit, but, as the instruction under consideration cannot be distinguished from the one passed upon there, we hold there was no error in giving it.

The physician who treated the plaintiff's wound was called as a witness for the defendants, and testified that he charged for his services in so doing $1.50. His attention was nowhere called to any different statement made by him. Yet the plaintiff was permitted to prove over proper objection, that he had at one time said that his bill was about $39. It cannot be claimed that such testimony was competent as original evidence. If competent at all, it could only have been so for the purpose of impeaching the doctor, and no foundation was laid for its introduction as such; hence it was prejudicial error to admit it.

One of plaintiff's witnesses testified that he did not know whether the same dog had bitten another person at another time and place, but further answered that he had heard so. The last part of his answer was permitted to stand. It was clearly hearsay, and should have been stricken out.

The defendants asked the court to submit to the jury a special interrogatory as to whether they or either of them

owned the dog, and another as to whether he was harbored on their premises with their knowledge or consent. Both were refused. That both these questions presented controlling and ultimate facts for the jury to answer cannot be doubted; for if the defendants were not the owners of the dog and had not harbored him, they could not be held liable for the plaintiff's injury. As the record at the close of the evidence conclusively showed' that they were not his owners, there would have been no error in refusing to submit the first interrogatory, if the court had instructed that no recovery could be had unless it was found that the defendants had harbored the dog. See *Citizens State Bank v. Council Bluffs Fuel Co.,* 89 Iowa, 618. But this was not done, and the case was submitted as if the question of ownership were in dispute. It was clearly, then, the defendant's right, under the statute to have the jury answer this question, and also that propounded in the fifth interrogatory, for the purpose of ascertaining the ground upon which a verdict for plaintiff was returned, if such should be the case. As the record then stood, and as the case was submitted, the finding on either one of these question would not necessarily be in the nature of a special verdict, under the rule laid down in *White v. Adams,* 77 Iowa, 295, for if the jury answered one question in the affirmative, and the other in the negative, there still would be a basis for the general verdict for the plaintiff under the court's instructions. We think the questions should have been submitted to the jury. Code, section 3727; *Day v. City of Mt. Pleasant,* 70 Iowa, 193.

The second, third and fourth special interrogatories asked did not require ultimate facts for answers, and hence were properly refused.

In its second instruction the court told the jury that if the defendants or either of them harbored the dog, "they would in law be the owner thereof, and liable for the damages done." In the

fourth paragraph of the charge this language is somewhat modified by the statement that, if the defendant's employes induced the dog to remain on the premises without the consent of the defendants they would not be liable for harboring him; and, further, that the mere fact that the dog was in the habit of going on the premises of the defendants would not be harboring him. It is an admitted fact in the case that none of the defendants owned the dog. One of the plaintiff's own witnesses testified that he belonged to one Dehart. To make the defendants or either of them liable, then, for the plaintiff's injuries, it was necessary to show that the defendants harbored the dog as owners usually do; in other words, that their treatment of the dog was such as that of owners usually. An instruction to this effect was approved in *O'Harra v. Miller,* 64 Iowa, 462. If it be conceded, for the purpose of this case, that the holding there is that the harboring of a dog as owners usually do is sufficient to bring the case within the statute making owners liable for damages, the instructions fall far short of directing the jury what acts are necessary to create such liability, and in this respect they did not correctly define the law.

No liability would arise under the common law unless it were shown that the defendants permitted a vicious dog to remain on their premises knowing it to be such. The plaintiff in his petition alleged that the dog was vicious, and so known to be by the defendants, and there was evidence tending to support this claim, but no instruction was given covering this branch of the case. The defendants cannot complain of this omission, however, for none was asked which embodied this thought. True, an instruction was asked which directed the jury that if the defendants were not the owners, and did not know the vicious character of the dog, the plaintiff could not recover; but this left out of view the liability for harboring the dog as owners usually do, and was properly

refused. The thoughts embodied in the fourth and fifth requests made by the defendants were substantially given in the court's own charge.

For the error pointed out, the judgment is REVERSED.