FELITIA BURCH, Appellee, v. EMMA LOWARY, Appellant.

131  719<br>e143  54

**Animals:** INJURIES BY DOGS: LIABILITY AS OWNER. A married woman permitting the dogs of her husband to remain on the home premises, the legal title of which is in her, will not render herself liable as owner of the dogs for injuries caused by them to one driving along the public highway.

*Appeal from Taylor District Court.*— HON. H. K. EVANS, Judge.

TUESDAY, OCTOBER 23, 1906.

THE opinion sufficiently states the case. From a judgment in favor of plaintiff, the defendant appeals.— *Reversed.*

*William M. Jackson,* for appellant.

*Crum, Jaqua & Crum,* and *Maxwell & Maxwell,* for appellee.

BISHOP, J.— The defendant is a married woman, and, at the time in question, resided with her husband and family on a farm; the legal title to which stood in her name. Two dogs were kept on the farm, and as plaintiff was driving by on the public road said dogs ran out, and, by their barking, frightened her horses, causing them to run away. As the horses ran, the buggy was tipped over and, plaintiff being thereby thrown to the ground, she sustained the injuries of which she complains.

The trial was proceeded with on the theory that the case came within the statute of this state (Code, section 2340), which provides, following other matters: "And the owner shall be liable to the party injured, for the damages done by the dog," etc. There was no evidence that the dogs were vicious in character. At most it was shown that on several occasions they had been known to run out and bark at passing teams; a propensity of which defendant declares she had no knowledge, and counsel for appellee do not contend otherwise. That the dogs were kept on the premises by permission of defendant is not denied. In a motion for a directed verdict, and by requests for instructions, the defendant contended that, as she was not the owner of the dogs, she could not be made liable under the circumstances shown for their depredations, notwithstanding she permitted such

dogs to remain on the premises.   The motion was overruled, and the requests refused.   In the submission of the case, the jury was told that, under the laws of this State, the owner of any dog is liable to the party injured for the actual damages done by such dog.   "And, on the question of ownership of the dogs, you are instructed that, if the defendant had the dogs in question in her possession, and was harboring them on her premises, as owners usually do with their dogs, then she is the owner within the meaning of the law.   In determining this matter at the time of the alleged attack, you will consider the defendant's former treatment of the dogs, her declaration, if any, concerning them, and the habits of the dogs as to staying at defendant's place."

We concede to counsel for appellee that the word " owner," as occurring in the statute, is not to be taken in the technical sense in which it is commonly used.   Thus, in *O'Harra v. Miller,* 64 Iowa, 462, we said " that if the defendant had the dog in his possession, and was harboring him on his premises, as owners usually do with their dogs, then he is the owner within the meaning of the law."   And to the same effect is *Trumble v. Happy,* 114 Iowa, 624.

The case before us, then, presents the simple and sole question, whether a married woman can be charged with harboring a dog, " as owners usually do," under proof showing no more than that the dog belonged to her husband, but that she permitted it to remain on the home premises, the legal title to which was in her ?   We are convinced that such question should be answered in the negative.   It is too well understood to require the citation of authorities that as long as the marital relation is maintained, the husband is the head of the family.   He directs where the home shall be, and dominates in the management thereof.   And the statutes giving to married women the right to contract and separate ownership of property have made no change in the law relating to domestic management.   It follows that if the family reside on premises owned by the wife, it is because

the husband so wills. His status as the head of the family is not changed thereby; he retains all the rights and privileges incident to headship, as he remains charged with all its duties and responsibilities. Where, therefore, a dog owned by the husband is brought upon the premises, and there maintained, it must be presumed, in the absence of proof to the contrary, that this is in accordance with his dictation. And her assent, whether given willingly or under protest, can amount to nothing more than an act of wifely compliance. To charge her under such circumstances as one harboring the dog as an owner would be intolerable. In doctrine, it would amount to forcing a liability upon her because of a condition existing which she did not create, and over which she has no legal control. We need not stop to consider what liability there might be, if any, on the part of the wife owning the premises; it being shown that the dog in question was vicious, and known by her to be so. This is not such a case. In principle our conclusion finds support in the following cases cited in 21 Cyc. 1492: *Strouse v. Leipf,* 101 Ala. 433, (14 South, 667, 46 Am. St. Rep. 122, 23 L. R. A. 622); *Bundschuh v. Mayer,* 81 Hun. 111 (30 N. Y. Supp. 622); *McLaughlin v. Kemp,* 152 Mass. 7 (25 N. E. 18).

It follows from what has been said that a new trial should be granted.— *Reversed.*