THE BROWN LAND COMPANY, Appellant, v. J. J. LEHMAN.

**Erroneous admission of evidence:** INSTRUCTION. The erroneous
1   admission of evidence can often be counteracted by an instruction to the jury not to consider it, but a presentation of the same in argument may render it so prejudicial that the error cannot be cured by the instruction.

**New trial:** EVIDENCE. The testimony of jurors, that they gave
2   consideration to evidence improperly admitted, is competent in support of a motion for a new trial based on their misconduct in disregarding an instruction withdrawing the same from their consideration.

**Landlord and tenant:** FAILURE TO CULTIVATE: MEASURE OF DAM-
3   AGES. Where a farm is held for rent any temporary detriment growing out of a failure to properly cultivate the land should be compensated for on the basis of a loss in rental value, rather than a depreciation in the market value of the premises.

**Same:** EVIDENCE. Evidence as to the length of time it will take
4   to eradicate weeds, which have been permitted to grow in violation of a lease, is material on the question of depreciation in the rental value of the premises.

**Same:** INSTRUCTION. Evidence that a special course of treat-
5   ment will be required to eradicate weeds, which have been permitted to grow upon land in violation of a lease, is competent on the question of damage to the rental value of the premises, and should be submitted with proper instructions.

**Special interrogatories.** When requested, special interrogatories, calling for ultimate facts essential to the determination of a cause involving different grounds of recovery, should be submitted.

*Appeal from Guthrie District Court.*— HON. J. H. APPLEGATE, Judge.

FRIDAY, JUNE 7, 1907.

ACTION to recover damages against a tenant of farm land for breach of stipulations of a lease with regard to keeping the premises in good condition; the complaint being that the tenant allowed them to be overrun with cockle burrs. Verdict and judgment for defendant. Plaintiff appeals.— *Reversed.*

*Weeks & Hughes,* for appellant.

*S. B. Gwinn* and *E. R. Sayles,* for appellee.

MCCLAIN, J.— The two material stipulations in the written lease, breach of which is complained of, were that the tenant would at the expiration of the lease yield up the possession to the owner in as good condition and order as when the same was entered upon by the tenant, losses by fire or inevitable accident and ordinary wear excepted; and that the tenant would keep said premises free from brush and burrs. The evidence showed, without substantial controversy, that when the premises were surrendered by the defendant to the plaintiff at the expiration of the lease they were badly infested with cockle burrs; but there was a sharp conflict in the evidence as to the condition in this respect when the defendant took possession. The errors complained of relate to the introduction of evidence for the defendant to the effect that there was a mutual mistake of the parties to the lease as to the condition of the premises when the defendant took possession, the giving of instructions as to the

measure of damages for breach of covenant to keep the premises free from burrs, and the refusal to submit special interrogatories asked by the plaintiff.

I.   The defendant pleaded as a defense that, at the time of entering into the contract of lease, it was understood and believed by both parties that the premises were free from

1. ERRONEOUS ADMISSION OF EVIDENCE: instruction.

cockle burrs, whereas, in truth and in fact they were infested with such cockle burrs, and the seeds thereof; and that there was a mutual mistake of fact with reference thereto which prevented the minds of the parties meeting in an obligatory way as to the terms of the contract.   Plaintiff's objection to the testimony, offered in behalf of defendant, that neither he nor the agent acting for the lessor had knowledge when the lease was executed that there were cockle burrs on the premises, was overruled.   Subsequently, the plaintiff moved to strike out the evidence with reference to mutual mistake and misapprehension of this fact, as pleaded by the defendant, and this motion was overruled; but in the instructions the court withdrew the issues as to mistake and misapprehension, and directed the jury not to consider them.   As nothing had intervened between the rulings on the admission of the evidence and the giving of the instructions to justify the withdrawal of the issues from the jury, if the pleading raised any such issues which could under proper evidence have been submitted, we must assume that the trial court reached the conclusion, which is insisted upon by counsel for appellant as correct, that the allegations as to mistake and misapprehension did not raise any issues proper for determination in the case, and counsel therefor insist that the ruling of the court on objections to the testimony and on the motion to strike out were erroneous and prejudicial.

As to the ruling on the motion, were that the only question, we should probably have to say that it was technically correct, for the reason that by the motion plaintiff asked to have excluded from the jury not only the evidence as to the

knowledge of the parties when the lease was executed with reference to the condition of the premises, but also testimony with reference to the actual condition at that time; and, as the actual condition was material on the issue as to whether defendant returned the premises in as good condition as when they were taken possession of by him, the evidence as to condition at the time possession was taken was material. But the motion did call the court's attention, before the arguments to the jury were commenced, to the insufficiency of the evidence with regard to mistake and misapprehension, and by allowing counsel for the defendant to argue to the jury, as he did, the fact of mistake, the evidence on that subject was emphasized so that it is doubtful whether the instruction removed the prejudice resulting from the evidence, which it must now be conceded was improperly introduced on that subject.    It is true that error in the admission of evidence has often been held to be sufficiently counteracted by an instruction to the jury not to consider the evidence thus erroneously admitted; but on the other hand, it is well settled that erroneous admission of evidence may be so fundamentally prejudicial that an instruction not to consider it will not sufficiently counteract the error.    *Hall v. Chicago R. I. & P. R. Co.,* 84 Iowa, 311; *State v. Helm,* 97 Iowa, 378; *Jones v. United States Mut. Acc. Ass'n,* 92 Iowa, 652; *Robinson v. Cedar Rapids,* 100 Iowa, 662.

But we have more here, on the question of whether any prejudice from the erroneous introduction of testimony was cured, than a mere abstract consideration of whether the jury were likely to disregard the evidence in view of the instruction.    In support of an allegation in the motion for a new trial of misconduct of the jury, it was shown that the jurors, in the discussion of the case, referred to this evidence, not as having been excluded from their consideration by the instruction, but as affecting their conclusion as to which party should succeed.    The testimony of jurors tending to show that they did con-

2. NEW TRIAL: evidence.

sider and give weight to evidence not properly before them for consideration is admissible in determining the question of misconduct. *Douglass v. Agne,* 125 Iowa, 67. Now, in view of the fact that counsel for defendant were allowed to press this matter upon the jury, and that the jurors considered it in reaching their verdict, we think it is clear that the instruction of the court did not remove the prejudice presumed to result from the introduction of the improper testimony, and such error in the introduction of testimony must therefore be regarded by us as sufficient ground for reversing the judgment.

II. The court instructed the jury, on the measure of damages, that, if plaintiff was entitled to recover, the amount of his recovery would be the difference between the reasonable rental value of the premises in the condition in which they were turned over by the defendant at the expiration of his lease, and what would have been the reasonable rental

3. LANDLORD AND TENANT: failure to cultivate: measure of damages.

value of said premises had they been in the condition in which the defendant under his contract should have surrendered them, estimating such difference, if any, for such length of time as the jury should find under the evidence would be required by reasonable and proper methods to put the premises in the condition in which the defendant agreed they should be when turned over by him at the expiration of the lease. There was a controversy between the parties in the early part of the trial, as to whether the damages should be measured by depreciation in market value of the premises due to their being infested with cockle burrs, or the depreciation in rental value on that account, and the court allowed the plaintiff, over defendant's objection, to introduce some evidence as to the difference in market value, and excluded evidence for plaintiff as to the effect of this condition upon the use and productiveness of the farm during the next season. We think the rule announced in the instruction to be correct. The farm was not being held for sale, but

for rent, and any temporary detriment to it for the use to which it was being put should be compensated on the basis of the loss in rental value on that account.   We have held that, in case of the destruction of a meadow by fire, the measure of damages is the loss and expense involved in restoring the meadow to its original condition.   *Black v. Minneapolis & St. Louis R. Co.*, 122 Iowa, 32; *Bradley v. Iowa Central R. Co.*, 111 Iowa, 562.   It is not necessary to say that the rule as to measure of damages adopted by the court in this case is necessarily the only rule which could be properly adopted in any case. , It is sufficient to say that it was a proper rule in accordance with which the damages might be estimated, under the issues, and in the light of the evidence.   The court did not err, therefore, in refusing an instruction requiring the jury to determine the damages, if any, on the basis of depreciation in market value.

It does not very satisfactorily appear that by this change of view on the part of the court the plaintiff was prevented from introducing any evidence he may have had with refer-

4. SAME: evidence.

ence to the depreciation in rental value; but in one respect plaintiff was certainly prejudiced by this change of view, for his first witness was Prof. Pammel of the State Agricultural College, who was asked as an expert, having duly qualified as such, to say how long it would take to subdue the cockle burrs so that the premises could be reasonably used for farming purposes, having in mind farms as they ordinarily existed in the neighborhood in which these premises were situated; and defendant's objection to this question was sustained.   The evidence thus solicited was very material, for on the theory of damage by reason of depreciation in rental value, the time during which the depreciation would continue was an important element.   It is true that subsequently this witness and another testified in general as to the course of procedure necessary to eradicate cockle burrs, and indicated substantially the time. required; but this evidence did not have relation specifically to farms

under the conditions existing in the neighborhood. On the theory on which the case was subsequently submitted to the jury, the exclusion of the evidence of Prof. Pammel was erroneous.

But in another respect the court committed error, not only in the giving of this instruction as to the measure of damage, but also in the exclusion of evidence bearing thereon. It will be observed that the instruction, already set out in substance, takes no account of any labor or expense necessarily required in restoring the premises to good condition. Had the evidence been such as to indicate that in the usual method of farming the cockle burrs would disappear as an objectionable feature of the premises affecting the rental value after a period of time, then the instruction might have been proper as indicating the depreciation in rental value for that period of time as the basis of recovery; but the evidence tended to show that a special course of treatment of the land would be required to eradicate the cockle burrs, and, so far as this course of treatment involved additional labor and expense, it should have been taken into account in determining plaintiff's damage. On the contrary, the court not only failed to recognize this element of damage in the instructions, but sustained defendant's motion to strike out the testimony of one of plaintiff's witnesses with reference to the value of grass seed furnished by him to a succeeding tenant to seed a portion of the land for the purpose of eradicating the cockle burrs. We think the testimony was material and pertinent, so far as it tended to show expense only necessary by reason of defendant's breach of contract, and should not have been stricken out, and, in view of there being such testimony in the record, the court should have instructed on the subject of expense necessarily incurred by plaintiff in restoring the farm to as good condition in this respect, which would not otherwise have been involved in good farming.

III. As already indicated, plaintiff relied on a breach

of two specific covenants on the part of defendant in the lease. He also alleged breach of a condition, which we do not find **6. SPECIAL INTER-** specifically embodied in the lease, to farm the **ROGATORIES.** premises in a husbandlike manner. These three allegations of wrong on the part of the defendant resulting in damage to plaintiff were submitted to the jury, and the plaintiff asked that the court also submit four special interrogatories, by the answers to which the jurors were to indicate: First, whether defendant violated his covenant to cultivate and keep the premises free from burrs; second, whether there was an increased, unusual, and excessive growth of cockle burrs between the time defendant took possession of the premises and the time when he surrendered them, caused by the negligent and improper manner in which he used and cultivated said premises; third, whether any excessive growth of cockle burrs during the term of the lease injured the premises; and, fourth, whether defendant surrendered the premises at the end of the lease in as good order and farming condition as when he received possession thereof, loss by fire and inevitable accident and ordinary wear excepted. In view of the three separate claims made in behalf of plaintiff, we think these special interrogatories should have been submitted. It is true they were not determinative of the case under all the issues; but they did bear directly on the determination of specific issues, and called for findings as to ultimate facts essential to the determination of such issues. That such interrogatories ought to be submitted when asked, in a case like this, involving different grounds of recovery, is well settled. *Pratt v. Chicago, R. I. & P. R. Co.,* 107 Iowa, 287; *Trumble v. Happy,* 114 Iowa, 624; *Decatur v. Simpson,* 115 Iowa, 348.

The judgment of the trial court is *reversed.*