J. E. ALEXANDER, Appellee, v. SAMUEL H. CROSBY, Appellant.

**Animals:** OWNERSHIP: WIFE'S SEPARATE PROPERTY: INSTRUCTION. In this action for damages by a vicious dog, an instruction that the word owner has reference to the person to whom the dog belonged, and if the wife of defendant bought the dog and paid for it out of her own separate money the husband was not liable, is held proper, over the objection that the words "separate property" unduly emphasized the thought that the money which purchased the dog must have been kept separate by the wife and invested by her to render the dog her property.

**Same:** OWNERSHIP: *Res judicata.* Where, as in this case, the ownership of the dog was settled on a former appeal, the determination of that question is *res judicata* in this action.

**New trial:** MISCONDUCT OF JURY. A discussion by the jury in this case while deliberating upon their verdict as to whether the money with which the dog was purchased belonged, as a matter of law, to the husband or his wife was not such misconduct as to require a new trial; as that question inhered in the verdict itself.

*Appeal from Poweshiek District Court.*—HON. BYRON W. PRESTON, Judge.

MONDAY, FEBRUARY 13, 1911.

ACTION at law to recover damages done by a dog claimed to have been owned by defendant. Trial to jury, verdict and judgment for plaintiff, and defendant appeals. *Affirmed.*

*Will C. Rayburn, J. H. Patten* and *S. H. Crosby,* for appellant.

*Boyd & Bray,* for appellee.

DEEMER, J.—This is the second time this case has been before us. The opinion on the first appeal will be found in 143 Iowa, 50, to which reference is made for a statement of the facts. After the case went back to the district court, plaintiff amended his petition so as to confine himself to the claim that defendant was the owner of the dog which caused the damage. This defendant denied, and thus arose the main issue in the case. With reference thereto the court gave the following instructions:

(4)   Our statutes provide in substance that the owner of a dog shall be liable to any party injured for any damages done, except when the party is doing an unlawful act.   The question for you to determine first is whether or not Samuel H. Crosby was the owner of the dog, and if you find that he was not the owner, but that his wife was the owner of the dog, then the defendant, Samuel H. Crosby, would not be liable.   If you find that Mrs. Crosby was the owner of the dog, then you need proceed no further, but return a verdict for the defendant.

(5)   Under the law of this state a dog is recognized as a species of property.   The word "owner," alone, is not of technical significance, and is to be construed according to the context and approved usage of the language.   It means the person to whom the dog belongs.   As bearing on the question as to who was the owner of this dog, you are instructed that if you find from the evidence that Mrs.

Crosby, wife of the defendant, herself bought the dog, and paid for it out of her own separate money, then you should find that the dog in question was owned by Mrs. Crosby, and, if you so find, then your verdict should be for the defendant.

(6)   The fact, if you so find, that the defendant paid the taxes on the dog at the request of his wife out of his own money, would not have the effect to change the title, if you find that she bought and paid for the dog as last above explained.   However, as bearing upon the question as to whether the defendant or his wife was the owner of the dog, you should take into consideration all the facts and circumstances shown or proven on the trial, including the question as to whether or not the defendant spoke of the dog as his dog; the manner and sense in which such expression was used, if used; whether the dog would go with the defendant at times, if shown, and as shown, and the circumstances thereof; the fact of his paying the taxes thereon, if you so find, and as the court has said, all other facts and circumstances shown on the trial bearing on the question.

I.   Defendant contends that the fifth instruction is erroneous because of the use of the word "separate."   His contention is, as we understand it, not that the instruction is fundamentally erroneous, but that the word

I. ANIMALS:
ownership:
wife's separate
property: .
instructions.

complained of unduly emphasized the thought that the money which purchased the dog must have been kept separate by the wife, and been invested by her in order that the dog might become her property.   We do not so understand the instruction.   No undue burden was cast upon the defendant by the use of the word complained of.   It is true, of course, that a husband is not responsible for the torts of the wife unless committed in his immediate presence, and it is also true that a wife is entitled to the wages of her personal labor.   But her earnings made in connection with her husband's property, where she has no separate property and is not conducting an independent business, presump-

tively belong to her husband. The showing in the case as to the earnings of the wife with which it is claimed the dog was purchased was such as to call for proof that the money was her separate property. Defendant asked no instructions with reference to this matter, and the one of which complaint is made is not erroneous.

II. Defendant contends that under the testimony there should have been a verdict for him. He insists that there was not sufficient evidence to take the question of the ownership of the dog to the jury. This is based upon the thought that the undisputed testimony shows that the wife purchased the dog with her own money and that the animal belonged to her. This matter is foreclosed by the former opinion. Moreover, there was additional testimony given on the second trial tending to show that the defendant was the owner of the dog. There was no error in submitting the question to the jury.

2. SAME:
ownership:
res judicata.

III. Finally, it is strenuously argued that there was misconduct of the jury after the submission of the case to them because they entered into a discussion of the question as to whether or not as a matter of law the money which it is claimed was paid for the dog belonged to the defendant or his wife. Defendant attempted to show this misconduct by calling various members of the jury and having them testify to discussions in the jury room regarding the ownership of the money under the law as applied to the facts. The trial court thought the showing was either incompetent or insufficient and overruled the motion for a new trial. In this there was no reversible error. The showing was not such as to justify us in holding that there was misconduct on the part of the jury. Moreover, much if not all of this showing was incompetent under the rule which obtains in this state. The matters which defendant attempted to show clearly inhered in the verdict, and the testimony was

3. NEW TRIAL:
misconduct
of jury.

incompetent. *Porter v. Whitlock*, 142 Iowa, 66, and cases cited.

We find no error of which defendant may justly complain, and the judgment must be and it is *affirmed.*

Evans, J., taking no part.