L. C. HARMON, Plaintiff, v. B. E. LOOMIS, Defendant, Appellant.

**New trial:** DISCRETION. Where a new trial has been granted the court's discretion in ruling upon the motion will not be disturbed on appeal unless a clear abuse of such discretion is shown.

**Special interrogatories.** Special interrogatories should be submitted to the court before argument to the jury has commenced; but where this was done after the court had directed counsel to proceed but before the argument had begun they were presented in time.

**Same:** GOOD FAITH INDORSEE: SUBMISSION. Special interrogatories touching the good faith of an indorsee of a note in the purchase of the same, and which call for ultimate facts material to the allegations of fraud should be submitted to the jury.

*Appeal from Dubuque District Court.*—HON. J. W. KINT-
ZINGER, Judge.

FRIDAY, MAY 15, 1914.

APPEAL by defendant from a ruling granting a new trial.
—*Affirmed.*

*Matthews & Chalmers* and *Welch & Welch,* for appellant.

*Mullany & Stuart* and *Molyneux & Mather,* for appellee.

WITHROW, J.—I. On September 1, 1911, the defendant,
Loomis, executed and delivered to one W. F. Maher his prom-
issory note for $3,000 due March 1, 1912. It is alleged that
before its maturity the note was sold to the plaintiff for a
valuable consideration, and upon nonpayment and protest
this action was brought against the maker. The answer
denied: That the holder obtained the note for a valuable con-
sideration, in good faith and before its maturity, and charges
that the note was wholly without consideration and void, in
that it was procured through fraud, misrepresentation, and
deceit practiced in the inception of the note, whereby the
same was made and delivered to the payee. That the note
was given as a part of a land transaction between the parties,
involving the exchange of land in Misssouri owned by Loomis
for land in Minnesota. That in making the trade Maher rep-
resented the Minnesota land to be high, dry, without swamps;
that it was in a first-class farming condition, and was worth
$40 per acre. That the defendant relied upon such representa-
tions, but that they were false and fraudulent, and so known
to be by Maher, and the defendant had no knowledge of the
land and believed such representations. He charges a purpose
by Maher to cheat and defraud him. That upon learning of
the fraud practiced upon him, about February 20, 1912, he
promptly repudiated the contract. That Maher conspired

with the plaintiff to cheat and defraud the defendant, and the plaintiff aided and abetted such conspiracy by pretending to own the note, and to have obtained the same before due and in the ordinary course of business, but that the plaintiff is only acting for Maher, and that he obtained the note with knowledge of the fraud, and after it became due. The cause was tried to a jury, and a verdict was returned for the defendant. A motion for a new trial was made, containing thirteen different grounds; later in the term an amendment to the motion was permitted to be filed over the objection of the defendant. The trial court sustained the motion generally, and from such ruling the defendant appeals.

II. It has often been held by this court that there is a large discretion vested in the trial court in passing upon a motion for a new trial, and that it will not be interfered with

1. NEW TRIAL: discretion.

unless it appears that there has been an abuse of it, and that when a new trial has been granted the court is always reluctant to interfere, and will not do so unless it clearly appears that the discretion was abused. *Woodbury v. Dougherty,* 161 Iowa, 571; *Royer v. Plaster Co.,* 147 Iowa, 277; *Kern v. May,* 92 Iowa, 674.

The cases cited, and many others, have adhered to the rule announced in *Dewey v. Railway Co.,* 31 Iowa, 373, that the trial court "ought to grant new trials whenever their superior and more comprehensive judgment teaches them [it] that the verdict of the jury fails to administer substantial justice." This is not given as a power to be arbitrarily exercised, but it is necessarily recognized that the judge who presides over the trial of a cause has superior opportunities for knowing the real situation, which the appellate court cannot from the printed record so fully know, and that a broad latitude must properly be granted to it in ruling upon such motions. We might rest this case upon the general conclusion that from the whole record it does not appear that there was such an abuse, but we need not do so.

III. At the conclusion of the evidence, and before the

arguments had begun, the plaintiff requested the submission of special interrogatories, which were then presented to the

2. SPECIAL INTERROGATORIES.

court. The objections to them were that they involved the issue in the action, that the answers sought required conclusions drawn from many facts, and not the simple statement of a fact, and that, if answered either in the affirmative or the negative, the answers would be determinative of the case. It was also urged as an objection that the interrogatories were not submitted until the court had directed counsel to proceed with the arguments, and that they were too late. The trial court refused to submit the special interrogatories. The execution of the note was admitted. The issues raised the question of the good faith of the plaintiff in the purchase of the note, and the several special interrogatories were directed to that issue, inquiring if Harmon, at the time he purchased the note, had knowledge of any defect in the title of Maher, whether he purchased it in good faith, whether at such time he had any knowledge of fraud entering into it, and whether he intended to assist in the fraud. The several inquiries were so framed as to call for the answer of yes or no, as the jury might find. They were presented in time, under Code section 3727, having been submitted "before argument to the jury was commenced," and if proper should have been given.

The record shows, and the trial court so instructed the jury, that the plaintiff became the holder of the note before it was due, and without knowledge that it had previously

3. SAME: good faith indorsee: submission.

been dishonored, and also that it was taken for value, and submitted to the jury on the question of good faith in the purchase. The several special interrogatories went directly to the question as to which there was dispute, and called for ultimate facts material to the case. They should have been given. *Townsend's Estate,* 122 Iowa, 253; *Trumble v. Happy,* 114 Iowa, 624; *Decatur v. Simpson,* 115 Iowa, 348.

IV. We need not go farther in considering the questions

raised by the appeal. There was a sharp contest upon the facts, and their sufficiency to warrant the verdict was raised by the motion for a new trial, as was also their sufficiency under the law as given by the court. We find no abuse of discretion, but rather a sufficient reason for the action taken by the trial court.—*Affirmed.*

LADD, C. J., and DEEMER and GAYNOR, JJ., concur.