## Steubing's Adm'r v. J. C. Fisel Transfer Co.

(Decided May 25, 1934.)

510

LAYMAN & LAYMAN for appellant.

FAUREST & FAUREST for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

G. F. Steubing, aged 33, was killed in an automobile
collision that occurred about 7:30 p. m., May 30, 1932, on
the Dixie Highway, about five miles south of Elizabeth-
town, for which his administrator sought to recover
$50,475, the jury found for the defendant, and Steub-
ing's administrator has appealed, and is urging but two
grounds for reversal which we shall state as we reach
them.

### Alleged Error in the Evidence.

The defendant McKinley Stevenson, testifying for
himself and his codefendant, Fisel Transfer Company,
in giving his experience as a truck driver, said he first
began driving a truck in France during the World War,
and had since been so engaged. During his cross-ex-
amination, the plaintiff, in an effort to break the force
of his evidence, asked him the following questions rela-
tive to his military service, to each of which he answered,
"No, sir." "You deserted and John Lyle arrested you
and took you back, didn't he?" "Didn't that happen?"
The next morning he was recalled for the defendants
and produced, and over the objections of the plaintiff
was permitted to file and read in evidence, his discharge
from the army. This paper shows he enlisted at Leitch-
field, Ky., May 10, 1917, and was honorably discharged
in Camp Taylor June 25, 1919, and had been in engage-
ments in Argonne Forest September 26 to October 3,
1918, and at Verdun October 20 to 24, 1918, besides
other information. The court then said:

"Gentlemen, you are admonished that all this testi-
mony concerning this man's service in the army and
how he came out of the army, how he was dis-
charged, cannot be considered by you on the merits
of this case but may be considered by you only for

the purpose of affecting his credibility as a witness, if in your opinion it does affect his credibility, and in that matter you will be the judge, and will not be considered by you for any other purpose."

Plaintiff's motion to exclude this evidence and his motion to discharge the jury were both overruled, and he excepted.

In rebuttal the plaintiff called John Lyle as a witness and in the course of his examination asked him this:

"State whether or not during the war you arrested McKinley Stevenson at the order of the military authorities and delivered him at Camp Taylor to the military authorities after he had deserted there, on the charge of desertion from the army?

"Defendants, by counsel, objected, which objection the Court sustained, to which ruling of the Court plaintiff, by counsel, then and there duly excepted and avowed that the witness, if permitted to answer, and it would be true when so stated, would state that he did arrest him and delivered him to the military authorities, the arrest being on the charge of desertion, and he notified Stevenson that he was arrested on that charge, and he was returned to the military authorities and they received him at his hands."

Whereupon the court said this:

"Now, gentlemen of the jury, all of the testimony concerning the discharge of the defendant, McKinley Stevenson, from the army and all the testimony or reference to whether or not he was discharged and the discharge that was filed here, all those papers, are excluded from you. You will not consider them at all for any purpose in the case. By that I mean to include all testimony, all the questions or references as to whether he was arrested, as to whether he deserted, as to whether he was discharged, as to how he was discharged, and the discharge that was filed itself. All those things you will not consider in the case."

To which plaintiff and defendant both excepted, as to parts unfavorable to the exceptor. Plaintiff now argues that the effect of all this was to leave in the minds of the jury a glamorous picture of Stevenson as

a hero with a halo around his head, and that effect was not effaced by the court's admonition.

Plaintiff argues this court has recognized the fact that when a case is close, which was true of this one, an error which would not be considered prejudicial, in a case where the proof was otherwise, will be considered prejudicial and the court will reverse therefor. In the case of Commonwealth Life Insurance Company v. Thornton, 180 Ky. 472, 202 S. W. 887, 888, this court said:

"We further conclude that its admission was prejudicial in view of the fact that the case is a close one, and the evidence was not only commented on by counsel for plaintiff, but was of a character calculated to induce a verdict on grounds other than those authorized by the instructions."

The rule as found in 26 R. C. L. 1035, sec. 38, is as follows:

"In most cases the trial court is entitled to a locus penitentiæ, and if, on reflection, it believes that it has committed error in admitting evidence it may withdraw the evidence from the jury, instruct them to disregard it, and cure the error; and this is not defeated by the fact that the party against whom the evidence was admitted is put at a disadvantage by evidence which he put in to meet the evidence which is withdrawn. But where evidence is admitted which is calculated to arouse the sympathy of the jury, its withdrawal, by instruction to disregard, has been held not to cure error."

Plaintiff argues that as pointed out in Brown Land Co. v. Lahman, 134 Iowa, 712, 112 N. W. 185, 12 L. R. A. (N. S.) 88, it is well settled that erroneous admission of evidence may be so fundamentally prejudicial that an instruction not to consider it will not sufficiently counteract the error.

This Brown Case requires some explanation. There, the suit was by a landlord to recover damages of a tenant for breach of his agreement to keep the leased land free of cockle burrs. It was admitted that the land was badly infested with the burrs when the tenant surrendered possession. The defendant pleaded that the land was so infested when he took possession, that this was not known to either party to the lease, and that this

mutual mistake of fact prevented the parties reaching any binding agreement. The defendant introduced evidence, over plaintiff's objection, that neither of the parties knew the land was infested with burrs at the time the lease was made. The court concluded that the defendant's plea stated no defense and did not submit that issue to the jury and directed the jury not to consider that issue. Apparently this was done after the case had been argued, for the opinion states that counsel for defendant argued this issue before the jury. The jury found for defendant. On motion for new trial it was shown by the evidence of jurors, permissible in Iowa, but not in Kentucky, that the jury considered this excluded evidence in arriving at their verdict and that it affected their verdict. The Iowa Supreme Court reversed the case, stating that ordinarily error in admission of evidence was sufficiently counteracted by an instruction not to consider it, but that in this case the erroneous evidence was pressed upon the jury by counsel for the defendant and the jury actually considered the evidence in arriving at their verdict, and that, in view of these exceptional circumstances, the instruction not to consider the evidence erroneously received did not counteract the error.

Certainly that case is no authority here. There the evidence was upon a material issue in the case. Here, it was upon a collateral issue. There the evidence was argued before the jury and actually considered by the jury in reaching its verdict. Here it was not argued and there is no reason to suppose it was considered by the jury.

We cannot regard this episode as rising to the dignity of a reversible error. Whether Stevenson was discharged honorably or dishonorably was a collateral matter. The important thing was the credence the jury would give Stevenson's testimony, and we cannot see anything in his military record calculated to affect that. Stevenson was a drafted soldier who served two years without receiving any distinction, promotion, decoration, badges, medals, or citations, and when plaintiff had asked him if he had not been arrested by John Lyle for desertion and he denied it and plaintiff then put Lyle on the stand, and Lyle had testified he had known Stevenson all his life, and upon the objection of Stevenson's counsel further evidence from Lyle was excluded and all of Stevenson's military record withdrawn, the episode

was rather calculated to induce the jury to believe Stevenson had a bar sinister upon his escutcheon and that Lyle knew some things about him Stevenson had rather not have told, so that on the whole we feel Stevenson's credibility was hurt rather than helped by all of this; hence we regard this alleged error as without merit.

### Alleged Error in Instruction.

Plaintiff offered this instruction, which was refused: "The court instructs the jury that it was the duty of the defendant, Stevenson, and the defendant Company for which he was operating said truck, to have same and the trailer thereto equipped with such lights as reasonably prudent persons ordinarily had, and carried on like vehicles and trucks on said highway and to have lights on the sides of said truck and trailer nearest the middle of the road, the left side thereof, as would reasonably indicate the position thereof while so being operated at said place and if the defendants failed and neglected so to do and that as a direct result thereof the collision occurred then you should find for plaintiff."

This was properly refused. This was not a truck with a trailer attached, but was what is now defined by section 2739g-80, Ky. Stats., 1933 Supp., as a "semitrailer" (see section 1, c. 106, Acts 1932), now required to carry lights as outlined in section 2739g-90, 1933 Supp. Ky. Stats. (see section 11, c. 106, Acts 1932), but which was not required to carry such by the law as it was when this accident happened, that is by section 2739g-24, Ky. Stats. (see section 7b, c. 90, Acts 1920).

There was no proof as to what were the usual lights, customarily used, and to have given this instruction upon a matter not covered by the evidence would be to invite the jury to indulge its own fancy as to lights needed. The instructions given followed the statute as it then was, which was correct.

Judgment affirmed.