MARSEL, BY NEXT FRIEND, V. BOWMAN.

|  |  |
|---|---|
| 62 | 57 |
| 111 | 579 |
| 62 | 57 |
| f143 | 51 |

1. **Assignment of Error**: TOO INDEFINITE. Where a motion for a new trial was based on several grounds, and it is assigned as error simply that the court overruled the motion, this is too indefinite, and must be disregarded.

2. **Negligence**: RESTRAINT OF VICIOUS DOG: OWNER OR BAILEE. One who has charge of a vicious dog, whether as owner or bailee, knowing him to be vicious, must restrain him, and if he fails so to do he will be liable in damages to any person injured thereby.

*Appeal from Marshall Circuit Court.*

FRIDAY, OCTOBER 19.

THE petition states that defendant is the owner of a vicious dog, "which was in the habit of biting children and other persons without cause, and defendant, well knowing his vicious and ferocious habit, and that he had repeatedly bitten children and other persons, wrongfully and negligently permitted him to run at large, and, while so, he bit the plaintiff's legs and ankles," to her great damage. Trial by jury, verdict and judgment for plaintiff for $365. The defendant appeals.

*J. H. Bradley*, for appellant.

*Sutton & Childs*, for appellee.

SEEVERS, J.—I. It is assigned as error that the court erred in overruling a motion for a new trial. There are five or more distinct grounds stated in the motion for a new trial. This assignment of error is too general, indefinite, and not as specific as the statute requires. It must, therefore, be disregarded. *Reilly v. Ringland*, 44 Iowa, 423.

II. The only other errors assigned challenge the correctness of the instructions. The evidence showed that the dog had bitten several persons, but there was no evidence that

plaintiff had knowledge thereof, except in a single instance. The defendant himself testified that he knew the dog had bitten a girl by the name of Brace

The court instructed the jury on the theory that, if the dog was vicious, and the defendant knew of such fact, it was his duty to restrain him, and if he failed to do so the plaintiff was entitled to recover.

The instruction is correct. *Popplewell v. Pierce*, 10 Cush., 509. A single instance of the dog having bitten a person is sufficient to charge the plaintiff with knowledge of the vicious nature and habits of the dog. *Kittredge v. Elliott*, 16 N. H., 79. The fact that the plaintiff was bitten, as alleged in the petition, was not and could not be controverted. Upon the undisputed evidence, under the instructions, the plaintiff was entitled to recover. It is wholly immaterial, therefore whether the plaintiff negligently permitted the dog to be at large, knowing his vicious nature. The plaintiff was absolutely bound to restrain him.

In the fifth paragraph of the charge, the court quoted the statute which makes the defendant absolutely liable, it is said, and that, therefore, the court made the right to recover depend upon two theories—one of absolute liability, and the other of qualified liability, depending on the defendant's knowledge of the vicious habits of the dog; and it is insisted that this was prejudicial error. But we think that this is not so. The defendant, as we have seen, under his own evidence, was liable, for he had knowledge that the dog was vicious, and this fact fixed his liability. There was not, therefore, any error in giving the fifth instruction.

The defendant had given the dog to another person who had not yet taken him away. It is urged that the defendant was a bailee only, and not, therefore, liable. "A person having in charge a dangerous animal, known to be such, is certainly responsible for its safe keeping, so far as the public is concerned, as much as if he was the owner." *Frammell v. Little et al.*, 16 Ind., 251.

Although no such error is sufficiently assigned, we deem it proper to say, as the question has been discussed by counsel, that the damages are not in our opinion excessive.

AFFIRMED.