MAGGIE PULS, by her next friend, Appellee, v. MELVIN POWELSON ET AL., Appellants.

**Dogs:** PERSONAL INJURY: DAMAGES. The damages recoverable under the statute for injury by a dog are compensatory only; and where neither expenses, loss of time nor exemplary damages are allowed and the only basis for recovery was temporary pain and suffering,

which plaintiff suffered for about one week with complete recovery in two, a verdict for $1,000 is held to show passion and prejudice and plaintiff is allowed to have judgment for $300 or submit to a new trial.

*Appeal from Kossuth District Court.*—HON. D. F. COYLE, Judge.

FRIDAY, MAY 14, 1909.

THIS is an action for damages for personal injuries, resulting to plaintiff from the bite of a dog owned by the defendants. The petition prayed for a judgment for $200 as expense and medical care, and $1,000 for pain and suffering. At the close of the evidence the court withdrew the item of $200 for medical care. There was a verdict for the plaintiff for $1,000. The trial court required the plaintiff to remit one-third of the verdict or submit to a new trial. Plaintiff electing to remit, judgment was entered in her favor for $666.66. Defendants appeal.—*Reversed.*

*William B. Quarton* and *Sennef & Bliss,* for appellants.

*Sullivan & McMahon* and *Harrington & Dickinson,* for appellee.

EVANS, C. J.—At the time of the injuries complained of the plaintiff was sixteen years of age, and lived with her parents one mile north of Wesley. The defendants lived on the same north and south highway as the plaintiff, and one quarter of a mile south of her home. On New Year's day, 1907, while the plaintiff was walking in the highway in the direction of her home, in company with her sister and brother, and while passing the house of defendants, a dog came from the premises and attacked the

plaintiff by biting her arm. The attack was brief, the dog running away as soon as it was done. The plaintiff suffered a wound which penetrated the skin on one side, and which became infected to some extent. It caused her much pain, and disabled her from doing any work for about one week. There was a complete recovery within about two weeks. This is presenting the case in accord with plaintiff's testimony. Under the testimony in plaintiff's behalf she was entitled to substantial damages, but not to large damages. The action was brought under the statute. The statute creates an absolute liability on the part of the owner of a dog for damages done by him, regardless of knowledge or negligence on the part of the owner. In this respect the statute may be said to be drastic, though in the interest of public policy. The damages contemplated by it, however, are compensatory only. In this case no expenses were involved, nor loss of time, nor exemplary damages. The element of temporary pain and suffering furnishes the only basis for damages claimed. The jury allowed $1,000, being the full amount claimed in the petition. The amount was manifestly excessive. The trial court reduced it to $666.66, which the plaintiff elected to take. We can not avoid the conviction that even the reduced verdict was still grossly excessive, nor can we avoid the conclusion that the verdict must have been given under the influence of passion and prejudice. There are some matters appearing in the record which doubtless account for the excessive verdict, but it will serve no useful purpose for us to discuss them.

In view of the fact that the case has been twice tried, and that the right of the plaintiff to recover in some amount is very strongly supported by the evidence, the majority of this court are of the opinion that a new trial ought not to be peremptorily ordered on this record without giving plaintiff a right of election to take a reduced amount. It is also the conclusion of the majority that such amount

ought to be fixed at $300. Plaintiff may have her election to take judgment for $300, with interest thereon from the date of the verdict, or submit to a new trial. She may file her election within sixty days after the final disposition of the case in this court. If she file an election to take the amount named, the judgment below will be modified and affirmed accordingly. If she fails to file such election, it is ordered that the judgment below be reversed, and the case remanded for a new trial.—*Reversed.*