MARIA BROWN, Appellant, v. JOSEPH L. MOYER, Appellee.

ANIMALS: Injuries by Dogs—Responsibility of Owner. At common
1  law, the owner of a dog could not be held responsible for its
acts unless the dog was vicious or mischievous, and he had
actual or constructive notice of its vicious or mischievous pro-
pensities; but the master was liable where, at the time the
mischief was done, the dog was a trespasser, with the master's
knowledge.

ANIMALS: Injuries by Dogs—Where Owner Is Trespassing. Dogs
2  are free commoners, and have a right to use of the public
streets, and their owner is in no way culpable for their ap-
pearance thereon; but where the owner takes his dog upon
premises where he is a trespasser, then his trespass, and not
the act of the dog, makes him liable to the owner of the prem-
ises for any injuries done by the dog, irrespective of the ques-
tion of the owner's previous knowledge of the propensities of
the dog to do mischief.

ANIMALS: Injuries by Dogs—Statutory Liability—Injury by Being
3  Knocked Down. Under Section 2340, Code Supplement, 1913,
providing that it shall be lawful for any person to kill any dog
*attacking or attempting to bite* any person, and making the dog's
owner liable for damages to the party injured, *held* that the
owner of a dog was not liable for damages where his dog was
not *attacking or attempting to bite* the person injured, but her in-
juries were caused by her being knocked down by his dog
while chasing another dog.

*Appeal from Polk District Court.*—HUBERT UTTERBACK,
Judge.

APRIL 8, 1919.

REHEARING DENIED SEPTEMBER 20, 1919.

ACTION to recover damages under Section 2340, Sup-
plement to the Code, 1913, based on the ground that de-
fendant's dog attacked and attempted to bite the plaintiff,
and that she suffered injury by reason thereof. There was
a directed verdict for the defendant. Plaintiff appeals.—
*Affirmed.*

*Mulvaney & Mulvaney* and *Joseph A. Dyer,* for appellant.

*Miller & Wallingford,* for appellee.

GAYNOR, J.—On the 24th day of February, 1916, the plaintiff filed in the district court of Polk County a petition, in which she alleged, substantially, that, on the 13th day of July, 1915, when she was walking along the highway immediately in front of certain premises owned by the defendant, and exercising ordinary care, a large dog owned by the defendant ran out, and attacked her in such a manner as to cause her to be violently thrown to the ground; that the dog ran into the highway along which plaintiff was proceeding, and struck her with such force and came in contact with her in such a manner as to throw her violently to the ground, thereby causing the injuries of which she now complains. For the wrong thus complained of, she asks judgment against the defendant. The answer was a general denial. At the conclusion of plaintiff's testimony, the court directed a verdict for the defendant; and from this action, plaintiff appeals.

The evidence in the case is very brief. Plaintiff was a witness in her own behalf, and testified substantially as follows:

"I was passing by the defendant's dwelling about five o'clock in the afternoon. Defendant's dog ran into the highway along which I was proceeding, and ran against my limbs, and knocked them out from under me. I fell, and received injuries. After I was thrown down, the defendant's dog was under my limbs, but crawled out, and I got up. My arm was broken in the fall. At the time this occurred, I had a little dog with me, a Scotch terrier. Defendant's dog ran out and caught my dog on the other side of the road. My dog got away from him and ran to me. Defendant's dog came and got him and threw him

against my limbs. My dog got right away. I tripped over the dogs as they were fighting there, and fell down. The dogs ran against me, and knocked my limbs right out from under me. My dog was 10 or 12 inches high; one of these little, slim dogs, shaggy, with hair over the eyes. One of the first things that attracted my attention was Moyer's dog biting my dog. My dog got away from him and came up to me; and the next thing I knew, this other dog was there, and I was thrown down."

Her daughter, Mrs. Jackson, who was with her at the time, testified:

"The accident occurred in front of the defendant's house. We were in the road. The dogs ran up from behind her and knocked her feet from under her, and she fell."

Flossie Jackson, a granddaughter of the plaintiff's, who was not with her at the time the accident occurred, testified:

"I have been by the defendant's place before and since that day. There are two dogs on the place. More than one ran out at me. At the time they ran out, I didn't have a dog along."

Mrs. Jackson, the plaintiff's daughter, being recalled, testified: "The defendant's dog was chasing our dog."

The defendant, called by the plaintiff, testified: "It was my dog that was in the fracas."

Mrs. Jackson, again recalled, testified that, at one time, in the presence of the defendant, his wife said that they had trouble with this dog, and had punished him frequently for running out at people, but were unable to break him of the habit.

This is all the testimony.

It is apparent from plaintiff's petition that she predicates her right to recover on Section 2340 of the Supplement to the Code, 1913. She makes no allegations in her

petition on which she can base a right to recover at common law. No facts are stated in the petition which show a right of action at common law. The statute upon which she predicates her right to recover reads as follows:

"It shall be lawful for any person to kill any dog caught in the act of worrying, maiming or killing any sheep or lamb, or other domestic animal, or any dog attacking or attempting to bite any person, and the owner shall be liable to the party injured for all damages done, except when the party is doing an unlawful act."

There can be no serious dispute that, at common law, the owner of a dog cannot be held responsible for the acts of the dog unless it is made to appear that the dog was vicious or mischievous, and the owner had either actual or constructive notice of its vicious or mischievous propensities. *Alexander v. Crosby*, 143 Iowa 50. An exception to this is where the dog, at the time of doing the mischief, is a trespasser, with the knowledge of the master. Dogs are free commoners. They have a right to the use of the public street, and the master is in no way held culpable for their appearance upon the public streets. It is true that, if one takes his dog upon premises on which he is a trespasser, he is liable to the owner of the premises for injuries done by the dog, irrespective of the question of a previous knowledge of the propensities of the dog to do mischief. The negligence there is not in the act committed by the dog, but in the act of the master in trespassing upon the premises with the dog that caused the injury. *Green v. Doyle*, 21 Ill. App. 205.

Thus, where one goes upon the land of another to hunt, with gun and dogs, whether his trespass be voluntary or involuntary, he is liable for the action of the dog in kill-

1. ANIMALS: injuries by dogs: responsibility of owner.

2. ANIMALS: injuries by dogs: where owner is trespassing.

ing a deer upon the premises on which he is a trespasser. *Beckwith v. Shordike,* 4 Burrow's Reports 2093.

What is essential to be proved must be alleged, and so we say there is no allegation in plaintiff's petition upon which to predicate an action at common law. In fact, the plaintiff predicates her case in argument entirely upon the provisions of the section hereinbefore quoted, and unless the proof brings the case within the provisions of this section, the court was right in directing a verdict for the defendant. This section authorizes the killing of dogs under certain conditions: (1) Where the dog is found in the act of worrying, maiming, or killing any sheep or lambs or any other domestic animal; and (2) where it is attacking or attempting to bite any person. When a dog worries, maims, or kills any sheep or lamb or other domestic animal, he is subject to the death penalty for the act, and the owner of the animal has his right to damages for the injury done to his domestic animal by act of the dog in worrying, maiming, or killing, and the contributory negligence of the injured party does not defeat recovery. As to persons, the dog is subject to the death penalty when he attacks or attempts to bite a person. The owner is liable for damages only when it is shown that the dog was attacking or attempting to bite a person. The only defense then available to the owner is that the party attacked was doing an unlawful act at the time he was attacked. In the first part of the statute, the owner of the sheep, lamb, or other domestic animal worried, maimed, or killed has a statutory right to recover for the injury done by the act of the dog. His loss is measured by the injury done to his animal by the act of worrying, maiming, or killing. As to a person, the attacking or attempting to bite justifies the killing of the dog, and the owner is liable to the party injured for, and his loss is measured by, the con-

3. ANIMALS: injuries by dogs: statutory liability: injury by being knocked down.

sequences that flow from the doing of the act which subjects the dog to capital punishment. There may be an attack or an attempt to bite which results in no injury. If, in doing the act which justifies the killing, injury results to the person attacked, the liability attaches for the injury done to the person, unless it is shown that the person injured was doing an unlawful act; and the burden is on the defendant to show this. See *Puls v. Powelson,* 142 Iowa 604; *Shultz v. Griffith,* 103 Iowa 150; *Van Bergen v. Eulberg,* 111 Iowa 139; *Miles v. Schrunk,* 139 Iowa 563.

Thus the law says to the dog:

"Don't attack or attempt to bite a good man. If you do, the penalty is death, and your master must respond in damages for the consequences of your act. You may, however, attack and bite a bad man, caught in the doing of an unlawful act, tear him to pieces, chew him up, and the law approves your act—at least, does not condemn it. It is up to you, however, to make no mistake. The fact that you honestly believe that an unlawful act is being committed, that the one attacked is a burglar or wrongdoer upon the premises of your master, does not justify you or save you from the death penalty, if, peradventure, it turns out afterwards that you were mistaken. Good faith, good intent, will not save you if you err in judgment, and fail to make the discrimination which the law makes in your favor."

It follows, therefore, that every owner of what is said to be "man's best friend" should teach his dog to have a discriminating mind, when he undertakes to indulge in what is thought to be a natural propensity, if he would save his dog from an untimely grave. Some poet has said:

"Let dogs delight to bark and bite,
For God hath made them so."

Thus it appears that the poor dumb brute, possessing less intelligence than man, less power of accurate discrimination, is held to a greater responsibility, and subject

to the extreme penalty for an honest mistake in judgment, under circumstances that would excuse his master. It follows, therefore, poor dog, that you must suffer patiently and without complaint "the whips and scorns of time, the oppressor's wrong, the proud man's contumely, the pangs of despised love, and the spurns that patient merit of the unworthy take." To you is denied even the "right to brood over your wrongs or remember in malice." Even the right of self-defense, claimed by your master as his inalienable right, is denied to you. Though bruised and beaten without cause, you cannot defend yourself, without suffering the death penalty. Poor dog! Justice and mercy are not for you. If you make a mistake, nothing counts in your behalf. A good name, long years of faithful service, nothing protects you from the extreme penalty of the law. Even an honest belief that your services are needed, and are given in the defense of your master from death or great bodily harm, will not protect you. If you make a mistake in judgment in his defense, and bite, you are forever lost.

However, there is no evidence in this record that this dog was attacking or attempting to bite this plaintiff, or that he did bite her. The only evidence is that he was worrying plaintiff's little dog, and it is not claimed that it was injured. It escaped unhurt, and ran to its mistress. Plaintiff's only claim is that the dogs, in chasing each other, "ran against her and knocked her limbs right out from under her." She does not say that this dog was attacking or attempting to bite her. There is, therefore, a failure of proof of facts essential to her right to recover under the statute, and the court was right in directing a verdict for the defendant.—*Affirmed.*

LADD, C. J., EVANS and STEVENS, JJ., concur.