CHARLES LUICK, Appellee, v. T. E. SONDROL, Appellant.

**ANIMALS: Personal Liability—Dogs—Common-Law and Statutory**
1  **Liability Distinguished.** Principle reaffirmed that, while one who *harbors* a dog may be liable at common law, statutory liability rests only on the *owner*.

**TRIAL: Instructions—Applicability to Evidence.** Reversible error re-
2  sults from so instructing that the jury may wander afield and base its verdict on a fact of which there is no evidence. So held where, in an action for being thrown from a horse because of its fright from the barking of a dog, the evidence was confined *solely* to the act of the dog in worrying the horse, but the instructions permitted a verdict for plaintiff if the dog did *anything* that would justify the killing of the dog.

**ANIMALS: Personal Liability—Dogs—"Worrying Animal" Defined.**
3  Evidence that a dog barked at and ran after a horse, even though for only a short time, and that the reaction of the horse indicated' that he was frightened, may present a jury question on the issue whether the dog was "worrying" the animal.

**ANIMALS: Personal Liability—Dogs—Vicious Character.** In an action
4  at *common law* for damages caused by a dog, the vicious character of the dog is an indispensable element. Not so when the action is based on the *statute*, Sec. 5450, Code of 1924.

**TRIAL: Instructions—Confining Jury to Evidence.** Instructions should
5  expressly or in effect confine the jury to the evidence. When the sole charge against a dog was that he was worrying an animal, it is error to instruct that the dog had a right to be on the highway "if he behaved properly."

**Headnote 1:** 3 C. J. p. 106 (Anno.)  **Headnote 2:** 3 C. J. p. 121; 38 Cyc. p. 1618.  **Headnote 3:** 3 C. J. p. 121 (Anno.)  **Headnote 4:** 3 C. J. p. 104.  **Headnote 5:** 38 Cyc. pp. 1615, 1759.

*Appeal from Cerro Gordo District Court.*—C. H. KELLEY, Judge.

OCTOBER 20, 1925.

ACTION for damages for personal injuries sustained by plaintiff by reason of the fact that the horse upon which he was

riding had been frightened by defendant's dog and caused to slip and fall upon the plaintiff. The case was submitted to a jury, which returned a verdict in favor of the plaintiff. The defendant appeals.—*Reversed.*

*Senneff, Bliss, Witwer & Senneff,* for appellant.

*E. B. Stillman* and *Blythe, Markley, Rule & Smith,* for appellee.

MORLING, J.—Plaintiff's testimony, in substance, is that, while he was riding an unshod horse along a paved street, defendant's dog barked at and frightened the horse; that the horse jumped, and fell on the plaintiff, breaking the plaintiff's leg. There was evidence that the pavement was wet and slippery, and that the horse's feet slipped, and there was evidence tending to show that the dog frequently ran out, and chased and barked at passing horses. At the close of the evidence, the plaintiff withdrew all claims of common-law liability and rested his case upon Section 2340, Code Supplement, 1913.

The court gave the following instructions:

"4. Under the laws of this state it is lawful for any person to kill any dog caught in the act of worrying, maiming, or killing any sheep or lamb or any other domestic animal, or any dog attacking or attempting to bite any person; and the owner is liable to the party injured for all damages done except when the party injured is doing an unlawful act. In this case plaintiff at said time was not doing an unlawful act. The question to be determined by you is whether or not the defendant's dog did anything with respect to the plaintiff, or the horse upon which plaintiff was riding, which under the law would justify the killing of the dog. Any person who owns, harbors, or keeps a dog is the owner thereof, within the meaning of the law. If you find, from the weight or preponderance of the evidence introduced upon the trial, that defendant's dog was worrying said horse, or was doing any acts which under the law would justify the killing of the dog, and that such acts of the dog caused plaintiff's horse to fall, and that the proximate cause of the injury of which plaintiff complains was such acts on the part

of the dog, then your verdict should be for the plaintiff. If, however, you fail to so find, then plaintiff is not entitled to recover in this action, and in that event your verdict should be for the defendant. In determining the question as to the acts of defendant's dog at the time in question, if any, you have a right to take into consideration the habits, temperament, and conduct of said dog prior and subsequent to plaintiff's injury, as same is disclosed by the evidence before you. 'To worry' means 'to harass, to fret, to vex, to tease or annoy.' "

"6. The defendant cannot be held liable in this case simply because the dog in question appeared upon the public street, as, under the law, dogs are free commoners, and have a right to be and appear upon the public street, if they behave properly; and the defendant would not be liable to plaintiff even though plaintiff's horse became frightened at the dog and fell and broke plaintiff's leg, unless you find that the dog was in the act of attacking or worrying said horse."

The plaintiff is not altogether clear and consistent in his contentions respecting the law governing this case. We think, however, that the instructions referred to are erroneous.

I. In the first place, though the point is not made in argument, and the instruction in this respect may have been without prejudice, in order that there may be no misapprehension we

1. ANIMALS: personal liability: dogs: common-law and statutory liability distinguished.

call attention to *Alexander v. Crosby*, 143 Iowa 50, which holds that, while one who harbors a dog may be liable at common law, statutory liability rests only on the owner.

II. We think the instructions here are open to the objection that they are misleading. The plaintiff's testimony is that:

"This dog came out kind of from behind like, and jumped and barked at the same time, and the horse fell on me, and I fell on my side. The horse jumped up, and the dog made a

2. TRIAL: instructions: applicability to evidence.

couple of lunges, and I hollered at him and kicked him, and he made for the horse. * * * He came out and made one jump and barked, and the horse fell. * * * When I first saw him, I was on the ground, and he was trying to bite the horse."

The only other eyewitness, Becker, says that plaintiff "was going down the street on horseback, and the pavement was wet.

The dog came out and barked at the horse. The horse shied to one side and slipped and fell.''

The testimony tends to show that the dog had a habit of chasing and barking at horses.

There is no evidence that the dog was attacking or attempting to bite any person before the injury. The fourth instruction lays emphasis on the question ''whether or not the defendant's dog did anything with respect to the plaintiff or the horse which under the law would justify the killing of the dog,'' and tells the jury that, if they find ''that defendant's dog was worrying said horse, or was doing any acts which under the law would justify the killing of the dog,'' and such acts by the dog caused plaintiff's horse to fall, and the proximate cause of the injury was such acts, the verdict should be for the plaintiff. The only act of the dog of which there was evidence, and for the consequences of which the defendant might be liable, was the worrying of the horse. The question was whether the dog was doing this, rather than the general question whether it was doing anything that would justify its killing. The court left it to the jury to say whether the dog was doing something else—for instance, attempting to bite the plaintiff after he was injured—which would justify killing it. While the court left the question of proximate cause to the jury, the jury were left to determine for themselves what would be proximate cause, and were not definitely instructed as to the necessary causal relation between the act of the dog and the injury that must exist as a prerequisite to a right of recovery.

III. We think it was a question for the jury whether the dog was worrying the horse, and whether the worrying of the horse was the proximate cause of the injury. The dog was

3. ANIMALS: personal liability: dogs: "worrying animal" defined.

small,—six to ten inches high; but small creatures—flies for instance—are worrisome. The evidence tends to show that the dog chased and barked at the horse, causing it to shy, slip, and fall. This was evidence that the dog was worrying the horse. *Marshall v. Blackshire,* 44 Iowa 475.

It is not required that the worrying be protracted. The worrying commenced immediately with the chasing and barking, and was evidenced by the nervous reaction of the horse

**4. Animals: personal liability: dogs: vicious character.** shown in shying. The vicious habit of the dog must be shown in the common-law action, but not in an action under the statute, though relevant. *Beckler v. Merringer*, 131 Iowa 614; *Dougherty v. Reckler*, 191 Iowa 1195; *Alexander v. Crosby*, 143 Iowa 50; *Sanders v. O'Callaghan*, 111 Iowa 574, 579; *Miles v. Schrunk*, 139 Iowa 563; *Stuber v. Gannon*, 98 Iowa 228.

In *Brown v. Moyer*, 186 Iowa 1322, relied on by defendant, plaintiff's claim was that the dog attacked and attempted to bite the person. This was the only ground of statutory liability alleged, and there was no evidence to sustain it.

IV. In the sixth instruction the jury were told that dogs have a right to be upon the public street "if they behave properly." We think that this, in the situation here, was misleading and capable of being misunderstood. The consideration of the jury should have been kept to the specific act of misbehavior of which there was evidence.

**5. Trial: instructions: confining jury to evidence.**

Other rulings of the court complained of are without merit, or are not likely to recur.

The judgment is—*Reversed.*

Faville, C. J., and Evans and Albert, JJ., concur.