ZELLA BIGELOW, Appellant, v. U. G. SAYLOR et al., Appellees.

No. 39902.

DECEMBER 13, 1929.

*Otto L. Schluter*, for appellant.

*Ring & Hann*, for appellees.

FAVILLE, J.—The appellant, for the purpose of collecting a bill, went upon the premises occupied by the appellees, and was bitten by the dog in question. She bases her right to recover on  the claimed statutory liability of the appellees as "owners" of said dog, within the meaning of the statute. The evidence shows that the dog in question was, in fact, owned by a son of the appellees', who, as we understand from the record, had lived with the appellees in their home. He left there in November of 1927, and the dog continued to remain at the home of the appellees. The evidence shows that he always remained there. The injury occurred March 20, 1928. In the daytime, he was in the yard and the barn and different places, but he never left the premises. Nights, he slept in the house. The appellees took care

of him and provided for him during all of said time. The appellees' motion for a directed verdict is predicated upon the theory that the appellant's action was for statutory liability against the appellees as owners, and that it affirmatively appeared of record that they were not in fact the owners of said dog, but merely kept, harbored, and cared for him. The appellees, therefore, contended that their liability, if any, would be a common-law liability, and not a statutory liability.

Section 5421 of the Code, 1927, is as follows:

"The term 'owner' shall, in addition to its ordinary meaning, include any person who keeps or harbors a dog."

Section 5450 of the Code is as follows:

"The owner of any dog, whether licensed or unlicensed, shall be liable to the party injured for all damages done by said dog, except when the party damaged is doing an unlawful act, directly contributing to said injury. This section shall not apply to any damage done by a dog affected with hydrophobia unless the owner of such dog had reasonable grounds to know that such dog was afflicted with said malady, and by reasonable effort might have prevented the injury."

The appellees contend that these sections of the statute are not applicable to the instant case, because of the fact that Section 5421 was originally a part of Chapter 140 of the Acts of the Thirty-ninth General Assembly, and that, as originally enacted in said chapter, it had reference only to the *licensing or taxation* of dogs, and had no reference to the liability for damages, under Section 5450 of the Code. Appellees' contention is that the including of said two sections in one chapter of the Code, to wit, Chapter 276, did not change the original enactment or extend the definition so as to make it applicable to any other purpose than that of taxation or licensing. The difficulty with the appellees' contention at this point is that they overlook entirely the fact that Chapter 276 in its present form was a re-enactment by the general assembly of former legislation. Prior to the enactment of such Chapter 276, as it appears in the Code of 1924, there was a separate statute defining an owner of a dog for the purpose of licensing or taxation, to wit, Chapter 140,

Acts of the Thirty-ninth General Assembly. Another separate and distinct statute, to wit, Section 2340, Code of 1897, created the statutory liability of the owner of a dog for damages caused by the dog. It is true that these two provisions of the statutes were then entirely separate and distinct. One defined an owner for purposes of licensing and taxation, and that definition had no relation to the definition of an owner for the statutory liability for damages caused by the dog. However, the legislature brought these two sections into one chapter, to wit, Chapter 276, and did so by a distinct and separate legislative enactment, to wit, House File 71 of the Acts of the Fortieth Extra General Assembly. Section 5421 of the Code of 1924 was Section 54 of said act, and Section 5450 was Section 83 of said act. There was an express legislative enactment amending and repealing the former statutes and enacting said Chapter 276 in lieu thereof. Appellees argue that the bringing of these two sections into one chapter was a mere compilation by the code editor. It was nothing of the kind. It was a re-enactment by the general assembly of the statutes referred to, a repeal of the former statutes, and the creation of entirely new legislation. An examination of the original bill, House File 71, Acts of the Fortieth Extra General Assembly, makes this perfectly clear. The appellant made a prima-facie case of statutory liability on the part of the appellees, under the record, as being owners of the dog in question, within the terms and provisions of Section 5421 of the Code. The trial court therefore erred in directing a verdict in behalf of the appellees, and the judgment appealed from must be—*Reversed.*

ALBERT, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.