**Cindy COLLINS, Appellant,**

v.

**Joseph KENEALY and Kristi Kenealy, Appellees.**

**No. 91–1359.**

Supreme Court of Iowa.

Nov. 25, 1992.

A.W. Tauke of Porter & Tauke, Council Bluffs, for appellant.

William R. Hughes, Jr., and John M. French of Stuart, Tinley, Peters, Thorn, French & Hughes, Council Bluffs, for appellees.

Considered by LARSON, P.J., and SCHULTZ, CARTER, LAVORATO, and NEUMAN, JJ.

SCHULTZ, Justice.

The issue on this appeal is whether the delivery of a dog to a dog groomer relieves the legal owner of strict liability imposed by Iowa Code section 351.28 (1989). The district court granted defendants' motion for summary judgment. The court concluded that the groomer, who had exclusive control of the dog, became an owner by statutory definition and could not recover from the dog's legal owners. We disagree with the district court; accordingly, we reverse and remand.

Cindy Collins (plaintiff) is the co-owner of River City Pet Store and she also grooms dogs. On March 29, 1990, Joseph and Kristi Kenealy (defendants) brought their dog to plaintiff's store for grooming. While grooming the dog, plaintiff was interrupted and the dog escaped from the store. In her attempt to capture the dog, plaintiff was bitten by the dog on the hands and face.

Plaintiff brought an action pursuant to Iowa Code section 351.28, seeking damages for injuries she sustained from the dog bites. In their answer, defendants affirmatively pled that plaintiff had assumed the care, custody and control of the dog, was negligent, and assumed the risk of her injuries.

Defendants moved for summary judgment alleging that plaintiff, as a keeper of the dog, shared the same status as the legal owners and would be required to indemnify them for any loss caused by her breach of duty to care and control the dog. Plaintiff filed a motion for partial summary judgment on the issue of liability as a matter of law. As indicated, the district court sustained defendants' motion and denied plaintiff's motion.

Our review of the entry of summary judgment is to determine whether a genuine issue of material fact exists and whether the law was correctly applied. *KMEG Television Inc. v. Iowa State Bd. of Regents*, 440 N.W.2d 382, 384 (Iowa 1989). Because the facts are undisputed, we examine the district court's application of law.

Plaintiff's suit is premised on Iowa Code section 351.28 which provides in pertinent part:

The owner of a dog shall be liable to an injured party for all damages done by the dog, when the dog ... is attacking or attempting to bite a person, except when the party damaged is doing an unlawful act, directly contributing to the injury. This section does not apply to damage done by a dog affected with hydrophobia. . . .

The facts are undisputed that plaintiff was not doing an unlawful act and that the dog did not have hydrophobia. The issue we must decide is whether or not a dog groomer "keeps or harbors a dog" and becomes a statutory owner.

The statutory definition of an owner provides:

The term "owner" shall, in addition to its ordinary meaning, include any person who keeps or harbors a dog.

Iowa Code section 351.2 (1989).

Defendants claim there is strong support for the district court ruling that a plaintiff was an owner in the following three cases: *Tschida v. Berdusco*, 462 N.W.2d 410 (Minn.App.1990); *Wilcoxen v. Paige*, 174 Ill.App.3d 541, 124 Ill.Dec. 213, 528 N.E.2d 1104 (1988); *Wendland v. Akers*, 356 So.2d 368 (Fla.App.1978). We examine these authorities in turn.

In *Tschida*, a veterinary employee, bitten by a dog in an animal hospital, sued the legal owner. The Minnesota appeals court found the dog's owner could not be held liable under the owner liability statute when the dog was delivered to the possession and control of the veterinarian. The Minnesota liability statute defines an owner to include "any person harboring or keeping a dog but the owner shall be primarily liable." Minnesota Statutes § 347.22 (1988). The appeals court noted that the statute was designed to protect third parties from injuries, and provided for primary and secondary liability of the legal owner and the owner harboring or keeping the dog (second party owner). *Tschida*, 462 N.W.2d at 411. The court interpreted the statute to exclude liability of the legal owner to the second party owner. *Id.* at 412. The ruling in *Tschida* may be distinguished from our situation because Iowa Code sections 351.2 and 351.28 do not speak to primary and secondary liability between two owners.

In *Wilcoxen*, the Illinois appeals court held that a plaintiff, boarding and grooming a dog, could not sustain an action against the legal owner because the plaintiff was an owner by statutory definition. In addition to persons having a property right in a dog or persons who keep or harbor a dog, the Illinois statute also defines an "owner" as one "who has it in his care, or acts as its custodian...." Ill.Rev. Stat.1987, ch. 8, par. 366. The court indicated that the dog was in plaintiff's care and therefore she was the "custodian" of the dog. *Wilcoxen*, 124 Ill.Dec. at 215, 528 N.E.2d at 1106. We distinguish this case by noting that the Illinois statute's definition of an owner is much broader than the definition in Iowa Code section 351.2.

In *Wendland*, the Florida appeals court held against a veterinary assistant who sued the dog's owners for an injury. The Florida statutes did not provide a definition of the owner of a dog.[1] Consequently, we believe that this case is not authority for the proposition for which it was cited.

Because the cited cases can be distinguished, we look to our own case law and statutes to determine whether plaintiff falls within the statutory definition of an owner. We have recognized actions for damages from dog bites under both common-law negligence principles and pursuant to statute. *See Alexander v. Crosby*, 143 Iowa 50, 52–55, 119 N.W. 717, 718 (1909). We need only examine principles derived from dog bite actions which relate to the party deemed liable.

Under a common-law negligence action, responsibility for damages caused by a dog "is imposed not because of ownership, but because of possession and the duty to care for the animals." *Id.* at 52, 119 N.W. at 718. Thus, one who has charge of a dog is responsible for its safe keeping, as if he or she was the owner. *Marsel v. Bowman*, 62 Iowa 57, 58, 17 N.W. 176, 177 (1883).

Our strict liability statute has always placed responsibility only on the legal owner. *Luick v. Sondrol*, 200 Iowa 728, 730, 205 N.W. 331, 332 (1925). Prior to 1924, we had no statutory definition of an "owner" within the chapter imposing liability for the acts of a dog. Our cases defined the owner of a dog as the person who had possession and harbors a dog, as owners usually do. *Shultz v. Griffith*, 103 Iowa 150, 154, 72 N.W. 445, 446 (1897); *O'Harra v. Miller*, 64 Iowa 462, 463, 20 N.W. 760, 761 (1884). While liability rests upon the legal owner, ownership could be shown by "the ordinary conduct of the dog in staying at defendant's place...." *O'Harra*, 64 Iowa at 464, 20 N.W. at 761.

Prior to 1924, our present section 351.2 was a part of the chapter on licensing and taxation of dogs and was not a part of the chapter that imposed liability on a dog owner. *See* Iowa Code § 457 (1897). In 1924, the legislature revised the statute on dogs, placing the licensing and taxation section and the liability section into one chapter, Iowa Code chapter 276 (1927). Soon thereafter, we held that the definition of "owner" contained in the licensing and taxation section as "any person who keeps or har-

---

1. The Florida statutes now define owner as "any person ... keeping or having control or custody of an animal ..." Fla.Stat.Ann. § 767.11(7) (West Supp.1992).

bors a dog" also defined an "owner" under the liability section. *Bigelow v. Saylor*, 209 Iowa 294, 296, 228 N.W. 279, 280 (1929).

■ Because we did not interpret the meaning of the terms "keeps" or "harbors a dog" in *Bigelow*, we now address this question. In interpreting the meaning of a revised statute, reference may be made to the prior statute for the purpose of ascertaining intent. *Le Mars Mut. Ins. Co. of Iowa v. Bonnecroy*, 304 N.W.2d 422, 424 (Iowa 1981). In this case, the prior statute was in the chapter relating to licensing or taxation of dogs. The purpose of the prior statute was to prevent people who kept a dog on their premises from disclaiming ownership of the dog in order to avoid assessment of a license fee. The statutory term "any person who keeps or harbors a dog" was directed at persons who kept permanent possession and custody of dogs on their premises with or without a showing of legal title.

■ When the statutes were revised and reenacted we discerned no legislative intent to change the meaning of the definition of a dog owner. A revision will not be construed as altering a particular statute absent a clear, unmistakable legislative intent. *Le Mars*, 304 N.W.2d at 424. Because we find no legislative intent suggesting change, we conclude that the term "any person who keeps or harbors a dog" does not apply to a temporary custodian such as the plaintiff dog groomer in this case. Consequently, we must reject the trial court's conclusion that plaintiff was an owner by statutory definition and could not recover her loss from the dog's legal owners.

■ Defendants also urge that the legislature never intended to hold a legal dog owner liable for injuries incurred by a groomer in possession of the dog. If we were to adopt an exception to the rule of strict liability under Iowa Code section 351.28, we would abandon long established interpretations of this section and its predecessor section. Our cases under this statute have held legal dog owners absolutely liable, regardless of whether or not the owner was negligent or had knowledge of the dog's vicious propensity. *Puls v. Powelson*, 142 Iowa 604, 606, 121 N.W. 1, 1 (1909). We acknowledged in *Puls* that "the statute may be said to be drastic, though in the interest of public policy." *Id.* at 606, 121 N.W. at 1. We have observed that the only defense to strict liability is provided by the statute and that contributory negligence was not a defense. *Van Bergen v. Eulberg*, 111 Iowa 139, 139, 82 N.W. 483, 483 (1900); *Shultz*, 103 Iowa at 153, 72 N.W. at 446. The only defense provided by section 351.28 is the "doing of an unlawful act...." Placing custody of the dog with a bailee does not fit within this exception to strict liability.

Although defendants did not specifically mention assumption of the risk in their brief to this court, one jurisdiction adopted this as a defense to its dog bite statute. *Nelson v. Hall*, 165 Cal.App.3d 709, 211 Cal.Rptr. 668 (1985). The California court held that a veterinary assistant assumes the risk of being bitten by a dog as part of his or her occupation and this provides the dog owner a complete defense. *Id.* 211 Cal.Rptr. at 673. In its discussion, the California court acknowledged that its long established rule has been that the defense of assumption of risk applies to actions brought under the dog bite statute. *Id.* at 671. As we have indicated, this court has interpreted our dog bite statute to only allow the owner a defense when the injured party is doing an unlawful act. We believe that it is in the province of the legislature, rather than this court, to provide a defense of assumption of the risk.

In summary, we hold that the district court erred in dismissing plaintiff's cause of action. We reverse and remand for further proceedings.

REVERSED AND REMANDED.