Mary **RICHARDS**, Plaintiff–Appellant,

v.

**MIDLAND BRICK SALES COMPANY, INC.**, Defendant–Appellee,

and

**Yarrow & Kinsey Construction Company, Inc.**, Defendant.

No. 95–156.

Court of Appeals of Iowa.

May 31, 1996.

David Wiggins of Wiggins, Anderson & Conger, P.C., West Des Moines, for appellant.

Mark E. Weinhardt and David K. Basler of Belin Harris Lamson McCormick, A Professional Corporation, Des Moines, for appellee.

Considered by HABHAB, P.J., and CADY and HUITINK, JJ.

CADY, Judge.

Mary Richards appeals the dismissal of her claim for negligence, breach of implied warranty, and strict liability. We affirm.

Richards entered into a contract with Yarrow and Kinsey Construction Company to build a home in Ankeny, Iowa. The contract required Yarrow and Kinsey to use brick, which they purchased from Midland Brick Sales Company, Inc.

Construction of the house began in June 1983, and was completed in November 1983. The bricks were purchased during this period of time.

Around January 1, 1992, Richards began to notice the bricks used in the construction of the house were chipping and cracking. On November 9, 1993, she filed suit against Yarrow Construction as well as Midland Brick. Her claim against Midland Brick was based on negligence, breach of implied warranty of merchantability, and strict liability.

Midland Brick moved for summary judgment. It claimed no tort remedies were available to Richards as a matter of law since her suit did not involve personal injury. It also argued all claims were barred by the applicable statute of limitations. The district court granted the motion for summary judgment.

## I. Summary Judgment

We review a ruling on a motion for summary judgment to correct errors at law. *Keller v. State,* 475 N.W.2d 174, 179 (Iowa 1991). Our task is to determine the existence of a genuine issue of material fact and whether the law is correctly applied by the district court. *Collins v. Kenealy,* 492 N.W.2d 679, 680 (Iowa 1992).

## II. Negligence–Strict Liability Claims

It is a generally recognized principle of law that plaintiffs cannot recover in tort when they have suffered only economic harm. *Nelson v. Todd's Ltd.,* 426 N.W.2d 120, 123 (Iowa 1988); *Nebraska Innkeepers Inc. v. Pittsburgh–Des Moines Corp.,* 345 N.W.2d 124, 126 (Iowa 1984). This principle

is known as the "economic loss doctrine."[1] Purely economic losses usually result from the breach of a contract and should ordinarily be compensable in contract actions, not tort actions. *See Nelson,* 426 N.W.2d at 124–25. The rationale for this rule was first articulated by Chief Justice Traynor of the California Supreme Court in *Seely v. White Motor Company,* 63 Cal.2d 9, 24, 45 Cal. Rptr. 17, 27, 403 P.2d 145, 155 (1965):

> The distinction that the law has drawn between tort recovery for physical injuries and warranty recovery for economic loss is not arbitrary and does not rest on the "luck" of one plaintiff in having an accident causing physical injury. The distinction rests, rather, on an understanding of the nature of the responsibility a manufacturer must undertake in distributing his products. He can appropriately be held liable for physical injuries caused by defects by requiring his goods to match a standard of safety defined in terms of conditions that create unreasonable risks of harm. He cannot be held [liable] for the level of performance of his products in the consumer's business unless he agrees that the product was designed to meet the consumer's demands. A consumer should not be charged at the will of the manufacturer with bearing the risk of physical injury when he buys a product on the market. He can, however, be fairly charged with the risk that the product will not match his economic expectations unless the manufacturer agrees that it will.

■ Consequently, losses in product liability cases are generally limited to physical harm to the plaintiff or physical harm to property of the plaintiff other than the product itself. *Nelson,* 426 N.W.2d at 122–25. Economic losses to the product itself are excluded. *Id.* Notwithstanding, we ultimately look to the policies behind tort law and contract law to determine whether a loss is compensable in tort or in contract. If the damage was a foreseeable result from the failure of a product to work properly, the remedy lies in contract, since the loss relates to a consumer's disappointed expectations due to deterioration, internal breakdown or nonaccidental cause. *Nelson,* 426 N.W.2d at 125. On the other hand, when the harm is a sudden or dangerous occurrence resulting from a general hazard in the nature of the product defect, tort remedies are. generally appropriate because the harm could not have been reasonably anticipated by the parties. *Id.*

■ In this case, Richards argues she has suffered more than economic loss because the defective brick caused actual damage to her home.[2] We reject this argument for two reasons. First, Richards submitted no evidence to show the brick caused actual damage to other portions of her home. *See Pulte Home Corp. v. Osmose Wood Preserving, Inc.,* 60 F.3d 734, 742 (11th Cir.1995) (plaintiff suffered only economic losses due to defective plywood used on roof of house even though it was necessary to remove and replace existing shingles and other roof components to replace defective plywood since the components were not damaged by the plywood, but replaced as a consequence of repairing the plywood). The damage in this case was limited to the product itself. Second, the policies underlying contract law relate to the nature of the damage claimed by Richards. The remedy for the economic loss and disappointment associated with the alleged failure of the bricks clearly lies in contract. Therefore, any recovery must be based on contract law, such as a breach of an express or implied warranty. The trial court

---

1. The "economic loss doctrine" is recognized as the majority view, but is not followed by all jurisdictions. *See East River S.S. Corp. v. Transamerica Delaval,* 476 U.S. 858, 868–70, 106 S.Ct. 2295, 2300–02, 90 L.Ed.2d 865, 875–76 (1986). Several courts have rejected the doctrine, while some courts take a middle position, permitting a claim for product liability under certain circumstances when the product alone is damaged. *Id.*

2. Some courts have pointed out the economic loss rule applies only in a commercial context, *Bowling Green Mun. Utilities v. Thomasson Lumber Co.,* 902 F.Supp. 134, 136 (W.D.Ky.1995), not to a consumer who purchases goods for personal, residential use. *Frankenmuth Mut. Ins. Co. v. Ace Hardware Corp.,* 899 F.Supp. 348, 351 (W.D.Mich.1995). The plaintiff in this case does not argue the doctrine is inapplicable because the sale of the bricks was not a commercial transaction.

correctly dismissed the negligence and strict liability claims.

### III. Statute of Limitations

The five-year statute of limitations governs actions for breach of implied warranty. *Fell v. Kewanee Farm Equipment Co.*, 457 N.W.2d 911, 919 (Iowa 1990). Such actions must be filed within five years after they accrue. Iowa Code § 614.1(4) (1993). Actions for breach of implied warranty accrue when delivery is made, regardless of the lack of knowledge of the breach. Iowa Code § 554.2725(2). The discovery rule applies only when a warranty of future performance has been made, so that discovery of a breach must await performance. See *id.*

Richards claims the statute of limitation does not apply because the transaction was not a sale of goods but the rendition of services. We find nothing in the record to suggest Midland supplied services to Richards. The transaction involved the sale of goods to a building contractor, and therefore, the limitation period defined by Iowa Code section 554.2725(2) applies. Accordingly, Richard's claim for breach of implied warranty expired in 1988. The trial court properly dismissed her claim.

**AFFIRMED.**

SACKETT and VOGEL, JJ., take no part.