ANDREW E. PRUCINSKY ET AL. *v.* AHMED A. EVANS

Superior Court, Judicial District of Fairfield at Bridgeport—
File No. CV01-0386098S

Memorandum filed February 25, 2003

*Williams, Cooney & Sheehy*, for the plaintiffs.

*Bai, Pollock, Blueweiss & Mulcahey*, for the defendant.

DOHERTY, J. This is an action for personal injuries and other losses brought by the plaintiffs, Andrew E. Prucinsky and Diane S. Prucinsky, husband and wife, arising from a dog bite incident.

The complaint is in two counts. Count one is a claim by Andrew E. Prucinsky for personal injuries and other losses and damages he allegedly sustained when he was bitten by a dog. Count two is a claim by Diane S. Prucinsky for bystander emotional distress she allegedly sustained as a result of observing her husband being attacked by the dog.

The incident allegedly took place at Seaside Park in Bridgeport, a public area. According to the allegations in the plaintiffs' complaint, the dog was allowed by the defendant, Ahmed A. Evans, to run loose without a leash or collar and it chased the plaintiffs' dog into the Prucinsky's automobile where it then attacked Andrew E. Prucinsky.

The defendant has averred that at the time of the incident, the dog, Martin, was owned by his cousin and that it was in the care of his aunt, Diane Rogers, who was caring for the dog while his cousin was incarcerated. The defendant maintains that he merely took the dog for a walk in the park and that he was not the "owner" or "keeper" of Martin.

The defendant has moved the court to dismiss the complaint summarily for the reason that this matter is brought exclusively under General Statutes § 22-357, and there is no genuine issue of material fact in dispute that contradicts the fact that the defendant was not the "owner" or "keeper" of the dog in issue, a mandatory prerequisite to liability under § 22-357 and, for that reason, the plaintiffs' claims must fail as a matter of law. In support of his motion, the defendant filed a memorandum of law and an affidavit. The plaintiffs filed an objection to the motion for summary judgment, a memorandum of law and a counteraffidavit.

"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted

show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) *Appleton* v. *Board of Education*, 254 Conn. 205, 209, 757 A.2d 1059 (2000). In deciding such a motion, the court's sole task is to determine whether genuine issues of material fact exist, not to resolve those issues on the merits. The existence of a genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence, and not by "[m]ere assertions of fact." *Maffucci* v. *Royal Park Ltd. Partnership*, 243 Conn. 552, 554, 707 A.2d 15 (1998).

The issue before the court is whether or not, at the time of the incident, the defendant was the "owner" or "keeper" of the dog which allegedly bit Andrew Prucinsky, as those terms are defined by the statute.

It would appear from the reported cases that the defendant was not the "owner" of the dog at the time of the incident. Whether he can be deemed to have been the "keeper" of the dog on that occasion is not quite as clearly defined.

Our Appellate Court has held that someone who is temporarily caring for a dog as a favor for its owner is a "keeper" of the dog. See *Murphy* v. *Buonato*, 42 Conn. App. 239, 246, 679 A.2d 411 (1996). *Murphy* was subsequently affirmed by the Supreme Court in *Murphy* v. *Buonato*, 241 Conn. 319, 696 A.2d 320 (1997).

In the present case, the defendant states that he was not responsible for providing Martin with shelter, lodging or ongoing care. He merely did his aunt a favor and took the dog for a walk.

Whether the status of "keeper" can vest in someone whose time of possession of a dog is as relatively brief as a walk in the park is the issue before the court.

General Statutes § 22-327 (6) provides in pertinent part: " 'Keeper' means any person, other than the owner, harboring or having in his possession any dog. . . ."

In *Dilion* v. *Burke*, Superior Court, judicial district of New Britain at Hartford, Docket No. CV93 0529578S (January 28, 1997) (18 Conn. L. Rptr. 679) (*Hennessey, J.*), the defendants had rescued two dogs from Interstate 91 and had brought them to an animal hospital for care. One of the dogs then bit an animal hospital employee. The court held that the defendants were not keepers of the dogs despite the fact that they had presented the dogs to the animal hospital and had promised to assume responsibility for the cost of their care and treatment. Id., 680.

In *Murphy* v. *Buonato*, supra, 42 Conn. App. 239, the defendant's dog bit the plaintiff, who was caring for the dog in his own home for several days as a favor to the defendant. The court held that the plaintiff was, in fact, the "keeper" of the dog for that period of time and, as such, he could not prevail on his claim for damages under the dog bite statute in his action for personal injuries against the defendant, a ruling which, as previously indicated in this memorandum of decision, was later affirmed by the Supreme Court in *Murphy* v. *Buonato*, supra, 241 Conn. 319. Other Connecticut cases have held that a person was not a "keeper" of a dog despite allowing it to remain temporarily on their premises. See, e.g., *Stokes* v. *Liddy*, 75 Conn. App. 252, 815 A.2d 263 (2000); *Burtula* v. *St.*

*Onge*, 9 Conn. App. 495, 519 A.2d 1235, cert. denied, 203 Conn. 803, 522 A.2d 293 (1987).

The majority of the cases of other jurisdictions have held that the person in question must exercise some measure of custody, care or control over the dog. See, e.g., *Hagenau* v. *Millard*, 182 Wis. 544, 195 N.W. 718 (1923).

Neither party in the present case cited a decision where the custody or control consisted of a person merely taking a dog for a walk as a favor to the owner.

In *Collins* v. *Kenealy*, 492 N.W.2d 679, 682 (Iowa 1992), the Iowa Supreme Court held that delivery of a dog to a temporary custodian was not sufficient to bring that person within the statutory definition of "owner" as one who "keeps or harbors." *Collins* has been distinguished from cases involving delivery of a dog—even for a relatively brief period of time—to a groomer or other person who is employed to take care of the dog.

Taking a dog for a walk in the park is not the kind of possession or control that the legislature contemplated when it promulgated the definition of "keeper" of a dog as one legally responsible for its bad behavior.

The defendant is not a "keeper" of Martin the dog as that term is defined by statute. The plaintiffs have not established the elements of the statutory cause of action under § 22-357. For that reason, the defendant's motion for summary judgment as to count one of the plaintiffs' complaint is hereby granted.

Count two is Diane S. Prucinsky's claim for bystander emotional distress and, as such, is wholly derivative of Andrew E. Prucinsky's claims in count one. Summary judgment having been granted as to the claims in count one, summary judgment must be and is granted as to count two as well.